## NIKS v. MARINETTE PAPER CO. et al.

### Civ. A. 3849.

United States District Court
N. D. New York.

April 2, 1951.

Toulmin & Toulmin, Dayton, Ohio, Ainsworth & Sullivan, Albany, N. Y. (C. E. Crafts, Dayton, Ohio, and T. F. Tracy, Albany, N. Y., of counsel), for plaintiff.

Whalen, McNamee, Creble & Nichols, Albany, N. Y., (D. S. Williams, Albany, N. Y., C. H. Howson, Jr., Philadelphia, Pa., of counsel), for defendants.

FOLEY, District Judge.

The plaintiff moves for extremely broad relief under Rules 34 and 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The bulk of the relief is sought under

Rule 34, and the request under Rule 26 is not in accord with the provisions of that particular rule contained in subdivision (a).

The Federal Rules of Civil Procedure are simple in their terms, uncomplicated usually in their application, and are designed to afford a mutual disclosure of relevant facts by the parties to litigation. These logical procedural methods of discovery and inspection should be no more difficult in application to patent suits, as here involved, than in any other lawsuit.

Unnecessary confusion enters the picture, and the fault of confusion exists on both sides. An affidavit of the plaintiff in support of the motion, dated January 27, 1951, states that he has made efforts to obtain blueprints of the claimed infringing apparatus but he has been unable to do so, and that he will therefore be prejudiced if this application generally for physical inspection and drawings is not granted. It is shown by correspondence between the attorneys after the date of the plaintiff's affidavit that the attorneys for the defendants furnished to the attorneys for the plaintiff one print of the slice assembly and one print of the suction breast roll assembly of one of the machines in use at the Fort Edward plant of the defendant Marinette Paper Company. The attorneys for the plaintiff answered that such prints furnished were incomplete, indistinct, inadequate and lacking in the necessary descriptive notations. The affidavit of Heath, the mill superintendent for Marinette Paper Company, says that after inquiry he has found no request by the plaintiff to the defendant Marinette made for blueprints of machinery at Ford Edward and Glens Falls. The legal nicety of this reasoning, I suppose, is that the transactions as to blueprints only took place between the attorneys for the plaintiff and the attorneys for this particular defendant. More important, however, Heath insists that the prints furnished to counsel for the plaintiff are a detailed, complete disclosure of the slice and breast roll parts of the machines and the means for conveying the stock to the rolls, and are prints of the drawings which were actually used for erection purposes during the construction of the machines. Solomon exercising all his wisdom on this record here could not decide whether the blueprints furnished are sufficient or insufficient.

In the interests of practicality and mainly because of the broad and liberal treatment to be accorded to the discovery provisions of the Rules, Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, it is my judgment that the defendants should produce and permit the inspection, copying and photographing by the plaintiff of certain drawings and blueprints described in item "1" of the plaintiff's moving papers, which are in their possession, custody and control. The attorneys for the plaintiff emphasize that the plaintiff can particularize the parts which are within the subject matter of the patents in suit. I am sure that the attorneys by sincere effort can agree upon the drawings and blueprints of the particular machine or machines which should be covered by the order, and, if not, the order in this respect should be settled upon five days notice. The order in its directions should follow the provisions of Rule 34(1), F.R. C.P., no more and no less.

I am not inclined now to order the physical inspection by entry upon the premises of the defendant Marinette Paper Company because the need for that relief seems premature. Authorities urge caution in this respect where the need for such relief is not clear, or can be satisfactorily obtained elsewhere. Shimadzu v. Electric Storage Battery Co., D.C., 6 F.Supp. 393; Pierce v. Submarine Signal Co., D.C., 25 F.Supp. 862; Rowell v. William Koehl Co., D.C., 194 F. 446; Eibel Process Co. v. Remington-Martin Co., D.C., 197 F. 760; Synek v. McCarthy, D.C., 8 F.R.D. 323. I find nothing to support the request of the plaintiff in item "4".

The request by the plaintiff in item "5" to produce certain persons for examination pursuant to Rule 26 is irregular in its form except that the attorneys for the defendants express their willingness to cooperate in complying with the request. If possible by agreement, this item should be included in the order to be submitted, other-

wise, the plaintiff shall have to serve the usual notice of taking with the compulsion by subpoena under Rule 45.

No matter the method, the use of depositions, oral examination or interrogatories is helpful in designating and identifying documents and drawings and do much to clarify and establish precisely and with order the rights of a moving party under Rule 34. Rosenblum v. Dingfelder, D.C., 2 F.R.D. 309; Synek v. McCarthy, supra.

The motion of the plaintiff is granted to the limited extent indicated herein, otherwise denied, but without any prejudice and with leave to renew as to the relief denied, if the plaintiff be so advised. The requested examination by deposition shall be, if agreed upon as to time, place and persons, incorporated in the order to be submitted or settled for signature.