**GORDON, WOLF, COWEN CO., Inc. v. IN- DEPENDENT HALVAH & CANDIES, Inc.**

United States District Court
S. D. New York.
Oct. 22, 1952.

Paskus, Gordon & Hyman, New York City, for plaintiff. Charles H. Lieb and Louis B. Resnick, New York City, of counsel.

Rosenman, Goldmark, Colin & Kaye, New York City, for defendant. Godfrey Goldmark and Milton Adler, New York City, of counsel.

CONGER, District Judge.

Defendant's objections to the interrogatories served on August 21, 1952 are overruled in part.

■ It is true that the courts frequently sustain objections to interrogatories which call for opinions, conclusions or contentions. See Moore's Federal Practice, 2d Ed. V. 4, pages 2303–4 and cases cited. But the rule is not inflexible. Moore, supra, page 2308 et seq.

■ Interrogatory No. 1—The defendant has answered a prior and similar interrogatory to the effect that it "did not keep any records which segregated its manufacturing and selling costs for its halvah sales from its total sales, and defendant, therefore, does not know and cannot state what its manufacturing and selling costs were for its halvah sales only. Assuming, but without having any accurate knowledge thereof  *  *  *" that a certain ratio exists, then its costs would be certain amounts shown in "Exhibit B". Now, it seems to me that the plaintiff would be terribly prejudiced if the defendant submitted an elaborate and complicated solution on the trial in view of its prior response.

If defendant at the trial intends to rely on its previous answer let it say so. If, however, it has a new formula or a new set of figures which it contends represents its cost of manufacturing, etc. of halvah between the dates mentioned, then it should give this information to the plaintiff.

■ Defendant need not answer the last part of this interrogatory which reads "  *  *  *  and state how such costs have been determined". This is too general a question unless it means a breakdown of the figures. This information was asked for in plaintiff's original interrogatory II D and defendant's objections to this item was sustained by Judge Kaufman of this court.

■ Interrogatory No. 2—It appears that defendant obtained this same type of information from plaintiff as to defendant's business. I see no reason why plaintiff should not have the same relief against defendant.

■ In its moving papers herein defendant (objection to plaintiff's further interrogatories, page 3, PP 2) states (referring to this interrogatory) "The information requested by this item has been set forth by plaintiff in answer to defendant's interrogatory as to this identical item". If this is so and defendant is relying on those figures it should so state but to prevent misunderstanding it should give the figures. If it relies on any other figures this should be stated.

Interrogatories No. 3 and No. 4 should be answered if defendant has the information.

Settle order in accordance with the foregoing.