**UNITED STATES of America,**
**Plaintiff**

v.

**NATIONAL STEEL CORPORATION,** **Stran-Steel Corporation, Metallic Building Company, Brinkley B. Brown, Charles R. McDaniel, and Gilbert Leach, Defendants.**

Civ. A. No. 13032.

United States District Court
S. D. Texas,
Houston Division.

Oct. 25, 1960.

Allen A. Dobey and John C. Fricano, Attys., Dept. of Justice, Washington, D. C., and William B. Butler, U. S. Atty., and Norman W. Black, Asst. U. S. Atty., Houston, Tex., for plaintiff.

Baker, Botts, Andrews & Shepherd (Denman Moody and C. Brien Dillon), Houston, Tex., and Thorp, Reed & Armstrong (William C. O'Neil), Pittsburgh, Pa., for defendants National Steel Corp., Stran-Steel Corp. and Metallic Building Co.

Fulbright, Crooker, Freeman, Bates & Jaworski (B. J. Bradshaw), Houston, Tex., for defendants Brinkley B. Brown, Charles R. McDaniel and Gilbert Leach.

INGRAHAM, District Judge.

Plaintiff, United States of America, brings an action under 15 U.S.C.A. § 18 (Section 7, Clayton Act), against National Steel Corporation ("National"), Stran-Steel Corporation ("Stran-Steel"), Metallic Building Company ("Metallic"), and three individuals. The alleged violation grew out of the purchase of control of Metallic by Stran-Steel. Plaintiff, pursuant to Fed.Rule Civ.Proc. 34, 28 U.S. C.A., moves the court for an order requiring corporate defendants to permit plaintiff to inspect the metal building manufacturing plants, the operations thereon, and the storage facilities adjacent thereto of Stran-Steel at Terre Haute, Indiana, and Metallic at Hous-

ton, Texas. The relevant portion of Fed. Rule Civ. Proc. 34 reads:

> "Upon motion of any party *showing good cause therefor* and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may \* \* \* (2) order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting \* \* \* the property or any designated object or operation thereon within the scope of the examination permitted by Rule 26(b). The order shall specify the time, place, and manner of making the inspection \* \* \* and *may prescribe such terms and conditions as are just.*" (Emphasis supplied.)

Corporate defendants oppose this motion on these grounds: (1) plaintiff has failed to show the "good cause" required by Rule 34; (2) color processes employed in these plants are trade secrets; (3) same information can be gotten through interrogatories; and (4) plaintiff's motion fails to identify who would inspect beyond references to government "representatives". Defendants' objection on the ground of trade secrets deserves a fuller exposition. The court is informed that in both plants the manner of application and preparation of various paints is confidential. These are allegedly color processes utilized exclusively by corporate defendants. An affidavit of Mr. C. R. McDaniel, Vice President and General Manager of Metallic, emphasizes defendants' desire to retain these trade secrets.

Plaintiff maintains the issue is simply whether it has shown "good cause", and this depends on whether the inspection is relevant to the issues and will thereby assist in the preparation of the case for trial. The government points out that paragraph nineteen of the Complaint and Answers shows that defendants deny any substantial competition between Stran-Steel and Metallic. The proposed inspection is thought relevant to the basic issue of the extent to which products of Stran-Steel and Metallic are competitive. The objection of trade secrets raised by corporate defendants is rejected by plaintiff; a stipulation, restricting circulation of information gleaned in inspections, and protective order are declared sufficient to meet defendants' objection. The affidavit of Mr. A. A. Dobey, attorney in the Antitrust Division of the Department of Justice, states that interrogatories would not be helpful in this area. Affiant stresses the need for examination of machinery and processes to gauge accurately competition between Stran-Steel and Metallic.

Fed.Rule Civ.Proc. 34(2), unlike Rule 33 on interrogatories, requires a showing of "good cause" before discovery pursuant to its provisions will be granted. Rule 34 is still, however, an integral segment of the comprehensive discovery scheme of the Federal Rules of Civil Procedure. Hence, a liberal construction is desirable. 2 Barron & Holtzoff, Federal Practice and Procedure, Sec. 793 (1950). A determination of what constitutes "good cause" is our main concern here. The authorities make clear that the matter rests largely in the discretion of the court. 4 Moore's Federal Practice, Sec. 34.08 (2d Ed.1950). What constitutes "good cause" depends mainly on the facts of a given case. Precedents lend little assistance.

Considerations of practical convenience are of prime importance. The information sought must be relevant. Movant's preparation for trial will be greatly aided by granting discovery. The information must normally be unobtainable by other means, or alternative modes are much more troublesome. 4 Moore's Federal Practice, Sec. 34.08 (2d Ed. 1950); 2 Barron & Holtzoff, Federal Practice and Procedure, Sec. 793 (1950). The essence of "good cause" is well put

in United States v. Five Cases, D.C.Conn. 1949, 9 F.R.D. 81, 83:

"What constitutes 'good cause' is a difficult question, * * * considerations of practical convenience are of prime importance. But even under the most liberal construction of this rule, mere assertions of threatened prejudice are not enough. The Court must be satisfied that the production of the requested document is necessary to enable a party to prepare his case, or that it will facilitate proof or progress at the trial."

■ Plaintiff's motion will be granted. A crucial question is the amount of competition between Stran-Steel and Metallic. Inspection of these plants will give plaintiff information as to the comparability of processes, machinery, and materials in each of them. Such information is pertinent to the question of the extent to which defendants' plants were capable of producing competitive products after acquisition and at the time of acquisition. Knowledge can be gotten as to the relative output potential of the two plants. This data is relevant to whether a threat to competition is posed by the attacked sale. That these inspections are not unique is shown in a similar antitrust case, United States v. Bethlehem Steel Corp., D.C.S.D.N.Y.1958, 168 F.Supp. 576. It is said therein at pages 580–581:

"Since a good deal of the evidence was of a technical nature requiring some understanding of the process of producing steel and steel products and the operations of steel plants, the Court with the consent of counsel and in their company, observed in operation two of the plants of one of the defendants."

■ Defendants' objections can be rather summarily dealt with. I am satisfied the nature of information sought here cannot suitably be obtained through interrogatories. Examination of processes and machinery can be made more readily via inspection. Defendants complain they are already overburdened with numerous and lengthy interrogatories, and they believe they ought not further be imposed upon. Fed.Rule Civ.Proc. 33 places no limit on the number of interrogatories. Rules 33 and 34 are cumulative, not alternative. My opinion in B. & S. Drilling Co. v. Halliburton Oil Well Cementing Co., D.C.S.D.Tex.1959, 24 F.R.D. 1, 4, is to that effect. There is no merit to defendants' objection on this score.

Defendants cite Niks v. Marinette Paper Co., D.C.N.D.N.Y.1951, 11 F.R.D. 384, as an instance in which this sort of request was denied. That case is distinguishable on these grounds: (1) demand for inspection was premature there; (2) plaintiffs failed utterly to show any need for relief; and (3) it was a suit between competitors in which trade secrets loomed large. The court denied the requested relief without prejudice to plaintiff's later showing need for same, at page 385. These distinguishing features serve to point up an observation made earlier in this opinion—each case must depend on its own facts in this area. Shimadzu v. Electric Storage Battery Co., D.C.E.D.Pa.1934, 6 F.Supp. 393 while before the present rules, granted inspection. The court might prolong this opinion unduly by a canvass of all cases on this matter. Suffice it to say, however, that all cases cited in the Niks opinion have been examined; they pose no obstacle to granting plaintiff's motion.

■ One major objection of defendants remains. Defendants assert plaintiff ought not inspect and thereby expose their trade secrets, particularly color processes unique to defendants. While it is true that "privileged" matters are not open to discovery, secret trade processes are not so privileged. 2 Bar-

ron & Holtzoff, Federal Practice and Procedure, Sec. 798 (1950). It has been repeatedly held that a party has no absolute right to refuse information upon the sole basis that it involves disclosing trade secrets. Cities Service Oil Co. v. Celanese Corporation, D.C.D.Del.1950, 10 F.R. D. 458, 460. The disclosure of trade secrets rests in the court's discretion. Our problem is one of weighing the need for discovery against the desirability of maintenance of secrecy of processes. In my opinion the government's need for the information to be gotten by inspection outweighs defendants' secrecy requirements on these particular facts.

Nevertheless, defendants' desire for maintaining its confidential processes is understandable. The safeguards suggested by plaintiff at page 3 of its reply memorandum seem advisable. Plaintiff should stipulate that any information with regard to trade secrets gotten by it will not be revealed except in the course of judicial proceedings. This revelation of trade secrets at trial will be under such terms as the court considers suitable at that time. Defendants object also to the failure of plaintiff to specify the number and identity of its prospective inspectors. At page 5 of plaintiff's reply memorandum it is suggested that the inspection group might include plaintiff's counsel, economist assigned to this case, and a government engineer. Defendants reasonably enough desire to limit the number of intruders. Hence, counsel for plaintiff should specify the number of inspectors (limiting the number and personnel to those just mentioned), and identify them. Additionally, plaintiff's counsel should heed the requirements of Rule 34 as to specification of time, place, and manner of making the inspection when preparing a suitable order.

Plaintiff's motion will be granted. The clerk will notify counsel to draft and submit appropriate order.