STRUTHERS SCIENTIFIC AND INTER-
NATIONAL CORPORATION,
Plaintiff,

v.

GENERAL FOODS CORPORATION,
Defendant.

Civ. A. No. 68-H-374.

United States District Court
S. D. Texas,
Houston Division.

Oct. 1, 1968.

Fulbright, Crooker, Freeman, Bates & Jaworski, James F. Weiler, Houston, Tex., for plaintiff.

Vinson, Elkins, Weems & Searls, A. H. Evans, Houston, Tex., for defendant.

*Memorandum:*

INGRAHAM, District Judge.

This patent oriented declaratory judgment action is before the court for consideration of the following matters: (1) Defendant's objections to plaintiff's first interrogatories; (2) Defendant's objections to plaintiff's second interrogatories; and (3) Plaintiff's motion for inspection of defendant's Houston plant. The court's previous memorandums should be consulted for a detailed statement of the case.

A decision on plaintiff's motion for leave to file its first amended complaint and on defendant's renewed motion to dismiss (or, in the alternative, to transfer) will be withheld until the Delaware court has ruled on plaintiff's motion to dismiss. After such a ruling the parties may, if they so desire, file supplemental memorandums of law in support of their respective motions reflecting the effect of the Delaware ruling. This memorandum is being entered at this time with the expectation that it will galvanize the parties into pursuing their discovery with greater vigor.

I. *Defendant's objections to plaintiff's first interrogatories.*

A. Interrogatories 2(e), 2(f), 3–7, 13, 14, 18(c), 26–34 and 38 are objected to on the grounds that they are unduly broad and that they improperly seek disclosure of trade secrets. The interrogatories in question are concerned generally with the identification of persons and documents and with the problem of plugging of equipment. The gist of defendant's objection to the scope of the interrogatories is that while the patent in suit relates only to a minor preparatory step in the overall process for producing freeze dried coffee, the interrogatories are directed toward obtaining information about the entire process.

■ After carefully reading the abstract of disclosure and the claims contained in United States Patent No. 3,381,-302, the court concludes that the alleged invention pertains only to that step in the process wherein the liquid coffee extract is chilled and filtered so as to precipitate and remove the insoluble waxy substances which might otherwise clog the equipment. The language used in the claims and the abstract of disclosure unequivocally demonstrates that freeze concentration is outside the scope of the patent since by that time the patented process has fulfilled its function.[1] Of necessity the drying stage is likewise outside the scope of the patent since drying follows freeze concentration. In

---

[1]. The language found at col. 4, lines 34–37, is significant. It states:
"This freeze concentration process can be conducted in batch, semi-continuous or continuous apparatus according to methods known to the art and improvements of the methods."

general terms, then, the court holds that the interrogatories in question should be answered only insofar as they pertain to steps 10–14, inclusive, as these appear in the diagram accompanying the Letters Patent.[2]

■■ Turning now to the implementation of thus ruling—Interrogatories 18(c), 29 and 38 should be answered in full since they clearly relate to matters within the scope of the patented process. Similarly, interrogatories 26–28 should be answered since they deal with the very problem the process in controversy is said to avoid. The defendant's answers to interrogatories 2(e), 2(f), 3–7, 13 and 14 should be limited to giving information concerning the de-waxing step only, if this is possible. Thus, for example, in answering interrogatory 2(f), the defendant will be required to give the names and addresses of the persons or firms who designed that portion of the plant and the equipment used in the de-waxing process. Finally, the objection to interrogatories 30–34 will be sustained since these pertain wholly to the freeze concentration and subsequent steps, and are hence outside the scope of the patent.

The aforementioned interrogatories have also been objected to on the grounds that they improperly seek disclosure of trade secrets. This objection will be considered only insofar as it relates to those interrogatories to which the objection based on breadth has been overruled either in whole or in part.

■ The objection based on confidentiality to interrogatories 2(e), 2(f), 3–7, 13 and 14 must be overruled since these interrogatories seek the identification of persons who may or may not know trade secrets, and of documents which may or may not contain such matter.

Any objection going to confidentiality is premature until such time as disclosure of a trade secret is actually requested. Lee v. Electric Products Co., 37 F.R.D. 42 (N.D.Ohio 1963).

■■ The objection to the remaining interrogatories, to-wit, 18(c), 26–29 and 38, is likewise without merit. Trade secrets are not absolutely privileged and their disclosure will be required where the information sought is relevant and necessary for preparation of the case for trial.[3] The court is persuaded that the plaintiff has carried its burden of showing the relevancy and necessity of the material in question.

■ Since certain of the interrogatories under consideration may involve the disclosure of trade secrets, a protective order as authorized by Rule 30(b), Fed. R.Civ.P., is appropriate. Accordingly, counsel for both sides are instructed to jointly draft and submit a separate order providing that any trade secrets obtained by either side in the course of discovery will be utilized only for the purposes of this litigation and will be revealed only during judicial proceedings. The revelation of trade secrets at the trial will be under such terms as the court deems suitable at the time. United States v. National Steel Corp., 26 F.R.D. 603 (S.D. Tex. 1960).

B. Interrogatories 9(d) and 10 are challenged on the grounds that they are unduly burdensome and that they seek information which is both irrelevant and already available to the plaintiff as public information. Interrogatory 9(d) is concerned with advertising material and interrogatory 10 is directed toward obtaining the names and addresses of defendant's officers and directors.

2. A copy of this diagram appears as Appendix "A".

3. See, e. g., Carter Products, Inc. v. Eversharp, Inc., 360 F.2d 868 (7 CA 1966); A. H. Robins Co. v. Fadely, 299 F.2d 557 (5 CA 1962); Hartley Pen

Co. v. United States District Court, 287 F.2d 324 (9 CA 1961); United States v. National Steel Corp., 26 F.R.D. 603 (S.D.Tex.1960). See also 4 Moore, Federal Practice, para. 26.22(3) (1962) at 1288–89.

The objection to interrogatory 9(d) will be sustained. The defendant engages in advertising on a massive scale. The interrogatory would necessarily involve an enormous number of documents. Under the circumstances, the court is of the opinion that the value of the material is far outweighed by the effort that would be required to accumulate such a mass of information. The fact that the advertising material is public information serves to tip the scales even further against the plaintiff on this point. See 4 Moore, Federal Practice, para. 33.20 (1966).

The objection to interrogatory 10 will be sustained in part. The defendant should supply the names and addresses of only those officers and directors who have knowledge of the de-waxing step in the process. (See supra pp. 2–3.)

C. Interrogatories 26–29, which have been discussed in Section "I–A" of this memorandum, are also challenged on the grounds that they are not specific enough to be answered by the defendant without requiring it to exercise its discretion and judgment in determining what it is called on to answer.

The requirement of definiteness is satisfied so long as it is clear what it is the interrogated party is called on to answer. The inquiries need not be phrased in terms of technical precision. 4 Moore, Federal Practice, para. 33.08(1) (1966). The court finds that the interrogatories under consideration are not unduly vague and the objection based on this ground will be overruled. The defendant, however, will be permitted to qualify or restrict its answer as may be necessary because of any uncertainty. Liquidometer Corp. v. Capital Airlines, Inc., 24 F.R.D. 319, 325 (D.Del.1959).

D. Interrogatories 15 and 16 inquire about patent applications filed by the defendant anywhere in the world relating to the freeze concentration of coffee. An objection is lodged against these interrogatories on the basis that such information is privileged and that the interrogatories are not reasonably calculated to lead to relevant evidence.

The rule is settled that while patent applications are not privileged per se, their disclosure will be compelled only where there is some connection between the applications and the subject matter of the pending litigation. James B. Clow & Sons, Inc. v. United States Pipe and Foundry Co., 313 F.2d 46, 51 (5 CA 1963); Meese v. Eaton Mfg. Co., 35 F.R.D. 162, 165 (N.D.Ohio 1964). In the opinion of the court, the requisite connection has not been shown to exist and the defendant's objection will therefore be sustained.

With regard to that section of interrogatory 16 wherein the plaintiff inquires about issued patents, the court must emphasize that the word patent, in its broader sense, means public. The plaintiff may make its own search in the public office of registry, a source equally available to all. Camco, Inc. v. Baker Oil Tools, Inc., 45 F.R.D. 384 (S.D.Tex. 1968).

E. Interrogatories 35 and 36 deal with the date and other particulars related to defendant's first experimentation with the process involved in this action. Defendant contends that it should not be compelled to divulge this information until the plaintiff discloses its own conception date.

Plaintiff takes the position that the defendant has obtained by deposition the same information which it says it must have before answering the interrogatories and that the objection interposed is thus invalid.

Assuming, as we must, that plaintiff's uncontroverted factual allegations concerning the nature of the information obtained by the defendant are true, then it follows that the objection to interrogatories 35 and 36 must be overruled. Gordon, Wolf, Cowen Co. v. Independent Halvah & Candies, Inc., 13 F.R.D. 506 (S.D.N.Y. 1952); Mall Tool Co. v. Sterling Varnish Co., 11 F.R.D. 576 (W.D.Pa. 1951).

F. Interrogatory 37 requests the defendant to identify all patents and publications known to it which describe dewaxing of coffee. The defendant objects on the grounds that the information sought is public and that the request is premature under 35 U.S.C. sec. 282.[4]

In order to clarify the issue it must be noted that section 282 operates entirely independently of the Federal Rules on discovery. The one does not exclude or supersede the other. Thermo King Corp. v. White's Trucking Service, Inc., 292 F.2d 668 (5 CA 1961). For present purposes, then, section 282 is immaterial.

The remaining question is whether the interrogatory is objectionable on the ground that it seeks information which is a matter of public record. The answer must be in the affirmative in this particular case. The court recognizes that the fact that the information sought is public does not, by itself, invalidate an interrogatory. See 2A Barron & Holtzoff, Federal Practice and Procedure, sec. 766 at 300–01 (Wright Ed. 1961); 4 Moore, Federal Practice, para. 33.13 at 2322 (1966) and cases cited therein at n. 6. However, when the fact that the information is public is coupled, as here, with the fact that an answer would require sifting through a vast amount of material, then the objection is good.

II. *Defendant's objections to plaintiff's second interrogatories.*

A. Defendant's objection to interrogatories 3–6 is founded on the contention that the interrogatories are unduly broad and that the information sought is both irrelevant and confidential. In interrogatory 3 the plaintiff seeks to elicit the name of the manager in charge of sales of defendant's instant coffee in the Houston area. Interrogatories 4 and 5 inquire into defendant's importation for sale in this country of freeze dried coffee manufactured abroad. The exportation of freez dried coffee made in this country is the subject matter of interrogatory 6.

The plaintiff attempts to neutralize the defendant's objection by arguing that the information sought in each of the interrogatories is pertinent to the issue of the patented process' commercial success.

Plaintiff's point is well taken. The long-standing rule is that commercial success may be considered in determining the validity of a patent. Graham v. John Deere Co., 383 U.S. 1, 17–18, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966); Carnegie Steel Co. v. Cambria Iron Co., 185 U.S. 403, 445–446, 22 S.Ct. 698, 46 L.Ed. 968 (1902). Consequently, the authorities hold that interrogatories relating to the commercial success of a patented device or process are proper. Burndy Corp. v. United States Components, Inc., 208 F.Supp. 707 (S.D.N.Y.1962); Wabash Photolamp Corp. v. Ross Electric Corp., 81 F.Supp. 511 (E.D.N.Y.1948), aff'd in part and rev'd in part, 187 F.2d 577 (2 CA 1951). Defendant's reliance on this court's opinion in McCullough Tool Co. v. Pan Geo Atlas Corp., 40 F.R.D. 490 (S.D.Tex. 1966), is misplaced. Unlike the instant action, the McCullough Tool case sounded essentially in fraud and the validity of the patent was not directly in issue. The objection based on breadth and relevancy to interrogatories 3–6 must, therefore, be overruled.

Since the information sought to be elicited by interrogatories 3–6 is relevant

---

4. The pertinent part of section 282 provides as follows:

"In actions involving validity or infringement of a patent the party asserting invalidity or non-infringement shall give notice in the pleadings or otherwise in writing to the adverse party, at least thirty days before trial, of the country, number, date and name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in suit, * * * or as showing the state of the art, * * * In the absence of such notice proof of the said matters may not be made at the trial except on such terms as the court requires."

and necessary for the preparation of the case for trial, the objection based on confidentiality must also be overruled. (See supra pp. 3–4 and authorities cited at n. 3.) The data obtained in response to these interrogatories will, of course, be subject to the protective order detailed on page 4 of this memorandum.

B. The defendant has leveled an objection to interrogatories 8(e) through 8(j) and 8'[5] on the grounds that they are not calculated to lead to the discovery of admissible evidence, that they call for privileged and confidential information and that they improperly seek to discover opinions, conclusions and construction of a patent application.

In parts (e) through (h) of interrogatory 8, the plaintiff asks whether the subject matter of defendant's Irish patent application is included in the applications filed by the defendant in the United States, Australia, England or any other country. Part (i) inquires whether the Irish application includes the "patentable invention" referred to in the letter written by defendant's executive vice-president. Part (j) inquires into the identity of the inventors named in the Irish application. Interrogatory 8' seeks detailed information concerning the status and contents of the file relating to defendant's United States patent application.

In section "I–D" of this memorandum (see supra pp. 5–6), the court rebuffed a similar attempt by the plaintiff to discover defendant's foreign patent applications because of its failure to establish any connection between the applications and the pending litigation. The arguments contained in plaintiff's brief in support of its second interrogatories do not compel a different result. Plaintiff's protestations notwithstanding, the contents of defendant's foreign patent applications are manifestly irrelevant to the issue of whether the process to be performed in the Houston plant will infringe plaintiff's patent. Cf. Hercules Powder Co. v. Rohm & Haas Co., 3 F.R.D. 328, 330 (D.Del.1944). Defendant's objection to interrogatories 8(f) through 8(h), inclusive, and 8(j) will be sustained.

Although the court has not been fully elucidated concerning the relevance of interrogatory 8(i), the objection thereto will be overruled in the hope that an answer will assist the parties in narrowing the issues. The burden placed on the defendant by compelling it to explain the meaning of the term used in its own correspondence is certainly minimal.

Interrogatories 8(e) and 8' deal with defendant's domestic patent application. In ruling on the objection to these interrogatories, the preliminary issue is whether section 122 of Title 35, U.S.C.,[6] casts an inpenetrable cloak of secrecy around patent applications filed in this country. The authorities are in agreement that it does not.[7] But while patent applications are not ipso facto absolutely privileged, the cases also teach that their disclosure should be compelled only where they have a direct bearing on the issues being litigated. See, e. g., Meese v. Eaton Mfg. Co., supra; Great Lakes Carbon Corp. v. Continental Oil

5. Plaintiff erroneously designated two interrogatories by the numeral "8". Defendant has given the second "8" the designation of "8'", and the court will adopt this enumeration in the interest of clarity.

6. 35 U.S.C. sec. 122, provides:
"Applications for patents shall be kept in confidence by the Patent Office and no information concerning the same given without authority of the applicant or owner unless necessary to carry out the provisions of any Act of Congress or in such special circumstances as may be determined by the Commissioner."

7. James B. Clow & Sons, Inc. v. United States Pipe and Foundry Co., supra, 313 F.2d at 51; Britt Tech Corp. v. L & A Products, Inc., 223 F.Supp. 126 (D.Minn. 1963); Cardox Corp. v. Olin Mathieson Chemical Corp., 23 F.R.D. 27, 31 (S.D. Ill.1958); Great Lakes Carbon Corp. v. Continental Oil Co., 23 F.R.D. 33 (W.D. La.1958).

Co., 23 F.R.D. 33 (W.D.La.1958). In short, the defendant's legitimate interest in preserving the secrecy of its application must be balanced against the plaintiff's undoubted right to discover the information it needs to prepare for trial. After due deliberation the court concludes that any information that might be garnered from the patent application would be, at most, tangential to the issues and that the invasion of defendant's privacy is not justified in this case. Accordingly, the objection to interrogatories 8(e) and 8′ will be sustained.

C. Defendant objects to interrogatories 9–11 and 13 on the basis that they are unduly broad, that they involve irrellevant and confidential information and that they call for conclusions, opinions and construction of the Irish patent application. The plaintiff has withdrawn subparts (ii) and (iii) of parts (a), (b) and (c) of interrogatory 9 and these items will not be considered.

Interrogatory 9, in general, asks the defendant to compare the freeze concentration process described in the Irish application with the same process as it is practiced in defendant's Houston plant. The remainder of the interrogatories, 10, 11 and 13, inquire into the details of the Houston plant's freeze concentration process.

 In section "I–A" of this memorandum (see supra pp. 2–4) the court ruled that the patent in suit pertains solely to the preparatory de-waxing step and that interrogatories calling for information relative to other steps in the overall process were outside the pale of permissible inquiry. With regard to interrogatory 9, therefore, the defendant should answer the interrogatory only insofar as it relates to the de-waxing step. By way of example, in answering 9(a), the defendant will be required to compare the de-waxing process described in the Irish application with the same process as it is employed in the Houston plant. The court further finds and concludes that the limited answers required by this holding do not involve untoward disclosure of confidential information, nor do they compel an undue construction of the Irish patent application.[8]

Similarly, the defendant will be required to answer interrogatory 13 only insofar as it relates to the equipment used in the actual de-waxing process.

The objection to interrogatories 10 and 11 will be sustained. These interrogatories were designed to elicit the details of the steps subsequent to de-waxing and they are thus beyond the scope of allowable inquiry.

D. With a weary hand, the court now comes to the last of the challenged interrogatories. Interrogatory 12(j) is objected to on the grounds that it is not specific enough to be answered without requiring the defendant to exercise its discretion and judgment in determining what is intended to be covered. The interrogatory asks whether the liquid coffee extract is stored at a certain temperature without "substantial adverse flavor effects."

 Though technical precision in the phrasing of interrogatories is not demanded,[9] something more is required than the vague phraseology used here. Whether a flavor loss is substantial or not is not only a matter of opinion, but also depends on a subjective standard of measurement. The objection to interrogatory 12(j) will be sustained. Cf. Webster Motor Car Co. v. Packard Motor Car Co., 16 F.R.D. 350 (D.D.C.1954), aff'd, 243 F.2d 481 (D.C. CA), cert. denied, 355 U.S. 822, 78 S.Ct. 29, 2 L.Ed. 2d 38 (1957).

8. See pp. 3–4 supra and cases cited at n. 3. See also Trabon Engineering Corp. v. Eaton Mfg. Co., 37 F.R.D. 51, 56–58 (N.D.Ohio 1964) and cases cited therein.

9. See supra p. 5.

III. *Plaintiff's motion for inspection of defendant's Houston plant.*

The plaintiff has moved the court pursuant to Rule 34(2), Fed.R. Civ.P., for an order requiring the defendant to permit plaintiff, through its representatives, to enter the premises of the Houston plant for the purpose of inspecting, observing and photographing the equipment, operations and processing conditions found therein. The defendant opposes the motion on entirely predictable grounds, viz., that it is unduly broad since the patent at bar concerns only a minor preparatory process, and that inspection will cause unnecessary revelation of trade secrets.

In United States v. National Steel Corp., supra, this court stated that a showing of good cause is required before a motion for inspection of premises will be granted. In determining whether the requisite showing has been made, the court must consider, inter alia, whether the information so sought is obtainable through other modes of discovery. Id. 26 F.R.D. at 605–606. Other courts have adopted a similar approach. Niks v. Marinette Paper Co., 11 F.R.D. 384 (N.D. N.Y.1951); Shimadzu v. Electric Storage Battery Co., 6 F.Supp. 393 (E.D.Pa. 1934).

In contrast to the situation which obtained in the National Steel case, discovery in the instant proceeding is regrettably in its infancy, and there is reason to believe that the desired information may be acquired through other discovery techniques. In short, the court is of the opinion that plaintiff's motion under Rule 34(2), Fed.R.Civ.P., is premature at this time. It is hoped that the court's rulings on the objections to plaintiff's first and second interrogatories will facilitate additional discovery, thus making inspection unnecessary.

For the foregoing reasons the court concludes that the motion for inspection of defendant's Houston plant should be denied. This ruling is without prejudice to a renewal of the motion when and if the required showing of good cause can be made.

IV. *Conclusion.*

In concluding, the court must point out that every effort has been made to demarcate a set of intelligible guidelines which will govern discovery in this case. The parties should now be fully apprised of these guidelines. Accordingly, in order to avoid protracted wrangles over discovery, if possible, all future motions for discovery or production of documents under Rules 27 through 34 of the Federal Rules of Civil Procedure shall be accompanied by a written statement signed by counsel for both sides stating that after personal consultation and sincere attempts to resolve their differences, counsel are unable to reach an accord. This statement shall recite, in addition, the date, place and time of all consultations concerning the subject matter of the motion, and the names of the parties participating therein.