**RUSS STONIER, INC.**

v.

**DROZ WOOD COMPANY, Droz Steel Company and Ply Gems Paneling Studio, Inc.**

**Civ. A. No. 70–2551.**

United States District Court,
E. D. Pennsylvania.
March 19, 1971.

Thomas Gibson, Philadelphia, Pa., for plaintiff.

Nelson E. Kimmelman, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

HAROLD K. WOOD, District Judge.

Plaintiff has moved to compel answers to interrogatories pursuant to Rule 37 of the Federal Rules of Civil Procedure. In plaintiff's cause of action he alleges that defendants manufactured and sold decorative wooden spindles or turnings identical to those manufactured and sold by plaintiff. The complaint further alleges that defendants' product has been commingled with plaintiff's and sold in stores from cartons bearing plaintiff's trademark.

Defendants have objected to plaintiff's interrogatories Nos. 10 and 11 which ask defendants to identify all manufacturers from whom it has purchased wooden spindles and to identify all documents passing between defendants and those manufacturers relating to design, manufacture or purchase of the spindles. Defendants' objections are on the grounds of irrelevancy and that the interrogatories seek disclosure of trade secrets.

We see no merit to defendants' contention that these interrogatories are not relevant. On the contrary the question of whether defendants have entered into agreements for the manufacture of a product identical to plaintiff's is an integral part of the latter's case. The only reason set forth by defendants that the interrogatories are irrelevant is that their dealings with the manufacturers, even if carried on as alleged, would not constitute an actionable wrong. While this may be the position which defendants hope to sustain at trial, it cannot be asserted here as an objection to interrogatories.

■ We also conclude that defendants' objections cannot be sustained on the ground that the interrogatories seek to discover trade secrets. There is no absolute privilege protecting a manufacturer from disclosing his customer list and source of supply. Louis Weinberg Associates, Inc. v. Monte Christi Corp., 15 F.R.D. 493, 495 (S.D.N.Y.1954). Disclosure of trade secrets will be required where the information sought is relevant and necessary for preparation of the case for trial. Struthers Scientific and International Corporation v. General Foods Corporation, 45 F.R.D. 375 (S.D.Tex.1968). As it cannot be seriously disputed that the design of defendant's product is extremely relevant to plaintiff's case, he is entitled to learn the identity of defendants' manufacturers and examine any instructions given them by defendants which relate to the design of defendants' product and its similarity to plaintiff's product. However, defendants should be required to produce only those documents which relate to the design of their product. Documents relating to such areas as purchasing, the manufacturing process itself, and other areas not immediately relevant to plaintiff's case need not be produced.

■ Defendants also object to plaintiff's interrogatories Nos. 21 and 22 which seek identification of those distributors and dealers who have sold plaintiff's product and who have bought or been asked to buy defendants' product. Defendants' objection is again made on the ground that plaintiff is seeking discovery of a trade secret. We disagree. Plaintiff is not seeking discovery of defendants' entire customer list, but of only those customers or those solicited as customers who are also customers of plaintiff. Such information need not be protected as a trade secret. As plaintiff has already dealt with those customers whose identity is now sought, there is no danger of one company revealing its customer list to a competitor who might subsequently seek to initiate business dealings with those customers.

■ Finally, defendants urge that in the event that plaintiff's motion to compel discovery is granted, the Court should issue a concurrent protective order enjoining plaintiff from harassing or threatening defendants' customers and from harassing or interfering with defendants' suppliers or attempting to induce them to make products for plaintiff or others which would be to the detriment of their deliveries and business relation to defendants.

In view of the nature of the information sought by plaintiff, we agree that attendant safeguards are warranted. See United States v. Article of Drug Consisting of 30 Individually Cartoned Jars, More or Less, Labeled in Part: "Ahead Hair Restorer for New Hair Growth", 43 F.R.D. 181 (D.C.Del.1967). Therefore we shall order plaintiff to utilize the information sought by interrogatories Nos. 10, 11, 21 and 22 solely for the purposes of this litigation. See *Struthers, supra.*

As defendants have, subsequent to plaintiff's motion, agreed to answer plaintiff's interrogatories Nos. 15, 16, 26 and 28, no opinion as to those interrogatories is necessary.