**ST. JUDE MEDICAL, INC., Plaintiff,**

**v.**

**INTERMEDICS, INC., and
Carbomedics, Inc.,
Defendants.**

**CARBOMEDICS, INC., Plaintiff,**

**v.**

**ST. JUDE MEDICAL, INC., and Sorin
Biomedica, S.P.A., Defendants.**

**CARBOMEDICS, INC., Plaintiff,**

**v.**

**ST. JUDE MEDICAL, INC., Defendant.**

**Civ. Nos. 4–84–267, 4–84–529
and 4–84–643.**

United States District Court
D. Minnesota,
Fourth Division.

Feb. 20, 1985.

John D. Levine, Dorsey & Whitney, and R. Walter Bachman, Lindquist & Vennum, Minneapolis, Mn., appeared on behalf of plaintiff.

Edmund McCabe and Sydelle Pittas, McCabe & Gordon, Boston, Mass., and Leon R. Goodrich, Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, Mn., appeared on behalf of defendants.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

These cases have generated many discovery disputes and a number of protective orders. Before the court is an appeal of CarboMedics, Inc. (CarboMedics), Intermedics, Inc. (Intermedics), and GA Technologies, Inc. (GA), from discovery orders issued by United States Magistrate Floyd E. Boline on January 30, 1985, February 1, 1985, and February 8, 1985. Appellants are concerned about issues related to production of documents designated "Restricted Access".[1] Appellants concede that their appeal focuses largely upon the February 8, 1985 order.[2]

CarboMedics, Intermedics, and GA also sought a stay of the February 8, 1985 order, and a hearing was held before this court on February 11, 1985. A stay was entered until the parties could be heard more fully at a previously scheduled hearing on February 13, 1985. After considering the parties' oral and written arguments on possible extension of the stay and on the appeal, and finding that success on the merits was unlikely, the court denied an extension of the stay that afternoon. On the next day appellants applied to the Eighth Circuit Court of Appeals for a stay; that court indicated that the stay "will be denied" but ruled that the Magistrate's order be modified in certain respects.

### Discussion

Appellants claim that the court must conduct a de novo review of the February 8, 1985 order. They argue that the order is dispositive of CarboMedics' claims and rights to the trade secrets required to be produced, assets which form a basis of CarboMedics' lawsuit.

28 U.S.C. § 636 governs the powers of a magistrate and the standard of review to be applied by the district court upon appeal of a magistrate's actions. Section 636(b)(1)(A) and Local Rule 14(B)(a) allow a magistrate to determine any pretrial motion or matter, with the exception of certain dispositive motions. District court re-

---

1. The January 30, 1985 order provided in pertinent part that all "super sensitive" documents were to be produced by appellants pursuant to the terms of the "Third Protective Order", entered the same day by the Magistrate. This protective order limited access to super sensitive documents only to counsel for the parties, including associates, legal assistants, secretarial and clerical personnel, and ordered that a "Chinese Wall" be erected between counsel for the parties and in-house counsel. It also provided that each person to whom confidential information was disclosed, other than attorneys of record, must sign a nondisclosure agreement. The February 1, 1985 order provided that a document depository be established for documents previously withheld from production on the basis of "super sensitivity". The Magistrate ordered that an agent of CarboMedics could keep a record of persons entering the depository, that no documents could be removed without leave of the court, and that documents could be copied for use in the depository. The order also provided that CarboMedics, Intermedics, and GA be fined $1000 per day for each day

after February 5, 1985 that they are not in compliance with the order.

The February 8, 1985 order found that unilateral conditions imposed by CarboMedics on the use of the document depository constituted a willful violation of the previous orders. For these violations and previous refusals to comply with discovery rules, the Magistrate fined CarboMedics, Intermedics, and GA $3000. The Magistrate ordered, among other things, that St. Jude's attorneys and legal assistants could take briefcases in and out of the depository without being searched, that they could take notes and dictate tapes which could be removed from the room, and that appellants' attorneys could not stay in the depository while St. Jude's attorneys were there working. St. Jude was ordered to provide certain background information on the legal assistants who review documents in the depository. *See* Order dated February 8, 1985.

2. Counsel for appellants stated at the February 11, 1985 hearing that they were prepared "to live with" the February 1, 1985 order.

view is to consider whether "the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

The Magistrate's order of February 8, 1985, was issued to enforce two previous orders which ruled on various motions pertaining to discovery. Before issuing these orders, the Magistrate heard two and one-half hours of arguments on January 24, 1985 pertaining to 1) St. Jude's motion to compel document production and testimony of Robert Akins; 2) CarboMedics' motions for a protective order for documents requested by St. Jude from Hemex Scientific, Inc. (Hemex); 3) CarboMedics' motion for a protective order concerning document production and discovery; and 4) CarboMedics' motion for a discovery conference. These discovery motions fall within the category of pretrial motions which may properly be heard and determined by the Magistrate under 28 U.S.C. § 636(b)(1)(A). The court concludes that the proper standard of review is whether the Magistrate's orders are clearly erroneous or contrary to law.

Appellants claim that the Magistrate did not properly evaluate the need or propriety of disclosure. They charge that he has not acknowledged that St. Jude has spent three years and millions of dollars trying to duplicate the process CarboMedics uses to coat and manufacture pyrolitic carbon heart valve components. Appellants contend that trade secrets concerning this process are not relevant to any of the underlying claims or defenses in these lawsuits and that the Magistrate erred in failing to analyze the relevance of the documents ordered to be produced.

Further, appellants argue that despite their compliance with the previous orders, the February 8, 1985 order in effect transfers CarboMedics' valuable trade secrets to St. Jude by failing to provide adequate protection of the information disclosed. They maintain that they would not have produced the documents for the depository if they had known that the February 8, 1985 order would so severely undercut security measures. Appellants assert that the Magistrate's failure to analyze the need

for disclosure and to provide sufficient security measures for the information disclosed amounts to an unconstitutional taking of CarboMedics' property in violation of the fifth amendment.

St. Jude, by contrast, argues that the documents it seeks are crucial to the effective presentation of its case and should therefore be discoverable. It contends that CarboMedics' trade secrets are more than adequately guarded by the six protective orders which have been entered to date in this litigation.

■ After carefully considering the parties' arguments, the court finds that appellants have not shown that the Magistrate's orders are clearly erroneous or contrary to law. The record indicates that the information sought by St. Jude is relevant and necessary to the prosecution or defense of several claims. Counsel for St. Jude must be granted meaningful access to material pertaining to CarboMedics' trade secrets to enable them to pursue effectively the allegations set forth in Counts VI, VII, and VIII of St. Jude's amended complaint. CarboMedics has also accused St. Jude of misappropriating its trade secrets. These allegations, as well as the parties' allegations concerning patent infringement and antitrust violations, make the documents related to CarboMedics' trade secrets relevant to St. Jude's preparation for trial. St. Jude's requests for this information are calculated to lead to admissible evidence, satisfying the requirements of Fed.R.Civ.P. 26. When trade secrets are relevant to the litigation, they may be discoverable. *See Centurion Industries Inc. v. Warren Steurer & Associates*, 665 F.2d 323, 325–26 (10th Cir.1981); *Struthers Scientific and International Corp. v. General Foods Corp.*, 45 F.R.D. 375, 378 (S.D.Texas 1968).

■ Nor have appellants shown that the orders are an unconstitutional taking of property. The February 8, 1985 order leaves intact the substantial protections provided by the Third Protective Order of January 30, 1985 for documents marked "Restricted Access." The order also pro-

vides that all documents produced by CarboMedics, Intermedics, and GA, and all copies thereof, must remain in the depository. Outside counsel for St. Jude are fully aware of the duties imposed upon them by the terms of the Magistrate's orders and of their ethical obligations. In fact, counsel for appellants conceded at the hearing that he was not impuning the integrity of St. Jude's attorneys; appellants do not fear that St. Jude's lawyers will intentionally hand over trade secrets to their client. Rather, they argue that their unilaterally-imposed conditions are essential to guard against inadvertent disclosures, or intentional disclosures by persons other than attorneys.

Appellants have not demonstrated, however, that the Magistrate's orders unnecessarily subject them to such a risk. Each person who receives confidential material must sign a nondisclosure agreement, violation of which subjects that person to contempt of court. The February 8, 1985 order also requires St. Jude to provide background information on each legal assistant who has access to the depository. Moreover, the court is confident that the attorneys realize that their ethical obligations extend to the overseeing of appropriate security measures at their respective law firms and will act accordingly. Counsel for St. Jude represented to the court that the law firms representing St. Jude have successfully protected information equally as sensitive as that at issue here. The court is convinced that the terms of the Magistrate's orders, especially when considered in conjunction with the nondisclosure agreement and other safety measures of the Third Protective Order and the ethical

obligation of the attorneys involved, are not clearly erroneous or contrary to the law.[3] The orders do not constitute an illegal taking of CarboMedics' trade secrets.

■ The Magistrate imposed a $3000 sanction on appellants for failure to comply with the January 30, 1985 and February 1, 1985 orders. Appellants argue that they fully satisfied the requirements of the previous orders as the document depository was functioning by February 5, 1985. It is clear from the Magistrate's order of the February 8, however, that he considered the unilateral conditions imposed by CarboMedics' agents to be a willful violation of the February 1, 1985 order granting complete access to the documents within the depository to St. Jude lawyers and legal assistants. The February 1, 1985 order did not authorize or contemplate the stringent measures conceived and enforced by CarboMedics which prevented St. Jude lawyers from bringing materials into the depository, taking notes on the highly-technical documents, and, by the presence of a CarboMedics' attorney in the depository itself, freely discussing the documents. These unilateral conditions did not allow meaningful review of the technical documents or adequate preparation by trial counsel.[4]

In addition, it appears that some of the documents requested by St. Jude had been outstanding for as long as four to five months, despite previous orders by the Magistrate. The history of discovery in this case reveals that St. Jude has made an extensive production of documents in response to CarboMedics' requests, including production of documents which directly relate to St. Jude's secret heart valve technol-

---

**3.** The modification ordered by the Eighth Circuit further lessens any risk of inadvertent disclosure of trade secrets. The modification provides that appellants may mark all documents they deem supersensitive and apply for a protective order preventing any notes, wire recordings, or photographs concerning these documents to be removed from the depository. After an in camera inspection, the release of the notes, wire recordings, or photographs may or may not be permitted.

**4.** The record also suggests that CarboMedics failed to produce all the relevant documents in the depository by the February 5, 1985 deadline. Documents regarding the price of the carbon components apparently did not arrive at the depository until February 6, 1985 at the earliest. *See* letter dated February 6, 1985 from Edmund McCabe to R. Walter Bachman. Counsel for CarboMedics also did not provide St. Jude attorneys with a list of documents withheld from production or those to which CarboMedics has already responded, as ordered by the Magistrate.

ogy. The Magistrate has the authority to sanction parties for failure to comply with discovery orders. Under the circumstances, the Magistrate did not err in imposing a $3000 fine upon appellants.

### ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that Magistrate Floyd E. Boline's orders of January 30, 1985, February 1, 1985, and February 8, 1985 are affirmed with the following modification: pending further order of this court, CarboMedics, Inc., Intermedics, Inc., and GA Technologies shall mark all documents that are in their judgment supersensitive; and as to those documents, no notes or wire recordings or photographs made concerning those documents shall be removed from the depository; that the parties shall have the opportunity to use copies of those documents, however, for all depositions taken in the depository. At the time that all documents are so marked as supersensitive, CarboMedics, Inc., Intermedics, Inc., or GA Technologies shall then move before this court or the Special Master for in camera inspection and protective order stating whatever objections they may have concerning further release of those documents. Subsequently, the Special Master or this court will determine whether the notes, wire recordings, or photographs may be taken from the depository or whether they should be destroyed.