# CIRCUIT COURT OF THE CITY OF RICHMOND

Susan F. Feiner

v.

Edward J. Mazur et al.

Case No. LM-4053-3

May 18, 1989

138

September 15, 1989

By JUDGE T. J. MARKOW

Before the court is a decision on plaintiff's motion to compel discovery of material relating to other candidates for tenure in her department or school that relates to hiring her replacement, salary decisions regarding faculty members within her department, selection of the chair of her department, notes of faculty meetings of her depart-

ment since 1982, documents relating to consulting activities of various members of her department, records reflecting receipt of corporate or business contributions through the VCU School of Business, and contributions relating to the establishment of an experimental economics laboratory at VCU.

Defendants have asserted objections to all of these requests on various grounds.

Without going into an in-depth discussion of its reasons, the court would make a short statement of the rationale for its decisions, as some of these issues may later arise in other contexts.

Rules of Supreme Court of Virginia provide that anything relevant and not privileged is discoverable. If not relevant, matter may be discovered if the "information appears reasonably calculated to lead to the discovery of admissible evidence." Discovery of matter within the scope of the rules may be curtailed or precluded to prevent "annoyance, embarrassment, oppression, or undue burden or expense." See Supreme Court of Virginia Rule 4:1(b)(1) and (c).

Plaintiff argues that the tenure files and other material regarding other tenure candidates, as well as material relating to decisions on their compensation would show that she compares favorably with colleagues who were granted tenure thereby permitting the trier of fact to conclude that defendant failed to grant tenure because of plaintiff's beliefs as a Marxist economist. Plaintiff contends that this breaches the University's contract with her and abridges first amendment rights.

Plaintiff's tenure file reflects that of the five criteria utilized by the Promotion and Tenure Committee in assessing tenure candidates, she was judged to be "adequate" or "more than adequate" in four. She was deemed to be "less than adequate" only in the category styled "Continued Scholarship and Professional Growth."

Presumably, she wants the material regarding other tenure candidates to determine whether any of them received tenure while being assessed less favorably or at least equally to her qualifications.

The court does not believe that such evidence, if discovered, would be relevant to prove any issues raised in this case. Comparative data could be relevant only

if *all* other criteria relating to successful tenure candidates were equal to Dr. Feiner's achievements. The court finds it impossible to believe that there could ever be an instance when all the qualities of any two candidates would be equal. Of course, there are in all human endeavors comparisons. This concept is articulated in the University's Promotion and Tenure Policies and Procedures. However, if those comparisons were relevant in a court proceeding, they would only be relevant to permit the trier of fact to make the comparisons between those who received tenure and the plaintiff. The trier of fact would then become an ultimate tenure committee. A jury or a judge in a bench trial would be called upon to assess each of the criteria for granting or denying tenure. It would have to decide on matters relating to the best interests of the University, scholarship, teaching skills, etc. This court can imagine few bodies *less* qualified to make such judgments than courts or juries. Additionally, the concept of academic freedom could be severely altered. Academic freedom is not enjoyed solely by the teacher who becomes tenured. Rather, there are aspects which belong to the university and its staff, particularly those aspects involving the granting and denial of tenure. If plaintiff's argument were accepted, these prerogatives would be shifted from the university to the courts. This court will not accept that shift.

Another issue, however, is whether discovery of the information requested by the plaintiff could lead to the discovery of admissible evidence. Plaintiff argues that tenure files of other candidates would show that she was denied tenure for reasons other than those given by the University; *i.e.*, because of her beliefs, thereby abridging her first amendment rights of freedom of expression.

Perhaps the review of the files of tenure candidates similarly situated to the plaintiff would be probative of the fact that the plaintiff was denied tenure for reasons other than those stated by the decision maker. The fact finder would be required to find that plaintiff's credentials are the equivalent in all respects to other candidates' and, therefore, her denial of tenure must be grounded on something other than her credentials; here, her beliefs.

The court does not rule that tenure files or other comparative data would be admissible even for the purpose

described here, as the ultimate issue to the fact finder is whether this person deserves tenure. Again, making the fact finder the ultimate tenure decision maker. Nevertheless, there is sufficient question whether such material is admissible that the court is of the view that precluding discovery of comparative data is not appropriate.

As applied to the motion to compel, the court overrules defendants' objections to plaintiff's request for production numbers 11 and 12. Access to the materials requested in request number 13 will be denied for the reasons stated by the defendants.

The above principles do not apply to the remaining requests for production. The court rules on them as follows:

Request numbers 3, 4, and 5. Defendants' objections are sustained on the grounds asserted by the defendants.

Request number 14. Defendants' objection is sustained, as the request is overbroad and compliance would be unduly burdensome.

Request numbers 16, 17, and 18. Defendants' objections are sustained, as the requests are not within the scope of discovery described in Supreme Court Rule 4:1.

The court notes that this case is filed on the law side of the court while plaintiff asks for relief available only in a court of equity (all relief prayed for except the award of damages). It seems that the case should be transferred to the equity side of the court and should thereafter proceed according to equity. If that is the case, trial must be conducted as an equitable cause, which means that the use of a jury is limited to an issue out of chancery, if the court determines that one would be helpful.

I would like to hear from counsel in the near future for a pretrial conference to discuss how you wish to proceed so that we can do so in the most efficient manner.