## CIRCUIT COURT OF LOUDOUN COUNTY

Dustin Construction, Inc.

v.

Selby Construction, Inc., et al.

April 7, 2005

Case No. (Law) 31113

BY JUDGE THOMAS D. HORNE

This cause came to be heard on March 28, 2005, upon the Defendant's, United States Surety Co., Inc. (USSC), Motion to Compel Discovery Responses.

USSC filed the Motion to Compel on February 28, 2005. On March 21, 2005, Plaintiff, Dustin Construction, Inc., (Dustin) filed its Opposition to USSC's Motion to Compel. Completing the chain of filings for this aspect of the case, USSC filed a Reply Brief in Support of its Motion to Compel on March 25, 2005.

At the August 4, 2004, hearing on USSC's Plea in Bar, the Court directed the parties to conduct further discovery into the issue of whether or not Mike Pickett had authority to issue a "three-day-notice." Both parties have thoroughly documented their numerous communications regarding the propounded First Set of Interrogatories and First Request for Production of Documents.

Under Va. Sup. Ct. R. 4:1, anything that is relevant and not privileged is discoverable. However, if the information is such that it would not be admissible at trial, it may still be discovered if "it appears reasonably calculated to lead to the discovery of admissible evidence." Va. Sup. Ct. R. 4:1(b)(1); *Feiner v. Mazur*, 18 Va. Cir. 136 (1989). Va. Sup. Ct. R. 4:12(a) authorizes a party to move for an order compelling discovery in the event that a party has failed to answer or has given an evasive or incomplete answer.

USSC's Motion to Compel centers on seven interrogatories and one document request. Interrogatories 7, 8, and 9 request information regarding the "corporate authority" of Dustin's employees on the Project and that of Mike Pickett, as well as the "manner" in which the employees were informed of their corporate authority. Dustin objected to these interrogatories and argued that "corporate authority" should be defined and that the information sought is irrelevant and does not lead to the discovery of admissible evidence. USSC notes its agreement to accept responses "limited to *only* Dustin's supervisory and management personnel." (Def. Reply Br. in Supp. of Mot. to Compel at 7.)

In the well documented Motion to Compel, there is evidence that Dustin is able to supplement its answers as limited by USSC without further explanation of "corporate authority." "Dustin is willing to supplement its Interrogatory Answers with regard to the 'authority' issues, including how corporate authority information was relayed to subcontractors, and the 'default issue,' in exchange for USSC's agreement to withdraw its discovery requests for information and documentation relating to the 9th School." (Mot. to Compel Ex. 8.) As narrowed, interrogatories 7, 8, and 9 should be responded to with regard to supervisory and management personnel. *Struthers Scientific & Int'l Corp. v. General Foods Corp.*, 45 F.R.D. 375 (S.D. Tex. 1968).

Interrogatory 10 requests information concerning Selby Construction, Inc.'s alleged defaults under the subcontract. Again, Dustin objected on the grounds that "default" was undefined. USSC offered explanation of "default" by pointing out that "default" was defined in the Subcontract signed by the parties. (Mot. to Compel Ex. 9 at Art. 23.) As previously stated, the Motion to Compel shows that Dustin understood the definition of "default" when Dustin offered to supplement its response in exchange for the withdrawal of certain discovery requests. The interrogatory has been sufficiently defined to rid Dustin of "any uncertainty" and should be answered using the definition of default listed in the Subcontract. *Struthers Scientific & Int'l Corp.*, 45 F.R.D. at 379.

Interrogatories 15, 16, and 17 and document request number 4 all relate to the 9th High School construction project. Dustin originally objected to the phrase "9th Street High School Project" as being undefined. USSC defined the phrase, and Dustin continued its objection as to relevancy. The Court finds that while interrogatories 15, 16, and 17 and document request number 4 are not relevant to the issue of Mike Pickett's authority, they are germane to the issue of personnel being transferred from the Seneca Ridge construction site to the 9th High School construction site. Clearly, this issue is going to be raised

again throughout the duration of this case and will be relevant to the defense. *Adelman v. Kernbach*, 55 Va. Cir. 439 (2000).

Accordingly, the Motion to Compel is granted.