**JAMES B. CLOW & SONS, INC.,**
**Appellant,**

v.

**UNITED STATES PIPE AND FOUNDRY COMPANY, Appellee.**

**No. 19761.**

United States Court of Appeals
Fifth Circuit.

Feb. 6, 1963.

Rehearing Denied April 22, 1963.

---

Reid B. Barnes, Birmingham, Ala., Patrick H. Hume, Henry L. Brinks, Charles M. Price, Robert C. Keck, Chicago, Ill., Lange, Simpson, Robinson & Somerville, Birmingham, Ala., for appellant; Bryon, Hume, Groen & Clement, Chicago, Ill., of counsel.

Hugh P. Carter, Peyton N. Finch, Jr., Jennings, Carter & Thompson, Birmingham, Ala., for appellee.

Before RIVES, JONES and BELL, Circuit Judges.

BELL, Circuit Judge.

Appellant, defendant below, and appellee, plaintiff below, are large manufacturers of cast iron pressure pipe. Appellee sells a push-on joint under the trade-mark "Tyton-Joint" for use in joining pipe, while appellant sells a similar joint under the trade-mark "Bell-Tite" for the same use. This is an appeal from a judgment on a suit for patent infringement brought by appellee and entered in favor of appellee, owner of United States Letters Patent No. 2,953,398, holding claims 1, 2, 4, 5, 7, and 8 of that patent valid and infringed by the "Bell-Tite" joint of appellant.

The patent in suit relates to joints of the type used to connect sections of pipe made of metal, ceramic material, concrete, cement-asbestos, plastic and other compositions. The invention of the patent is a joint embodying a gasket holding means in the bell of a pipe, enabling the insertion of a spigot to effect a seal under radial compression. The seal is effected in spite of tolerances between the bell and spigot, and with the result that the pipe may be deflected or curved as it is being laid. The patent was issued to Haugen and Henrikson, employees of appellee, and assigned upon issuance to appellee.

The judgment is based on findings of fact, conclusions of law, and an opinion filed by the District Court. United States Pipe and Foundry Company v. James B. Clow & Sons, Inc., N.D.Ala., 1962, 205 F.Supp. 140.

The questions presented on appeal are three in general. The first two go to invalidity while the third goes to infringement. Appellant contends that the patent in suit is invalid as not having been issued to the first inventor, and that it is also invalid as lacking invention over the prior art. There is also an argument that the claims of the patent are invalid under 35 U.S.C.A. § 112 as lacking in specificity. Denial of infringement is based on the contended invalidity and because of the narrowness of the invention, if in fact there is invention, in view of the prior art, and because of file wrapper estoppel.

The question of whether the patent was issued to the first inventor depends in its entirety on circumstances having to do with the application of Yves Mathieu for a patent filed on May 25, 1956, three days ahead of the application for the patent in suit, with appellant relying—not on the three day priority—but on a Brazilian application filed there on July 25, 1955. Appellant claims priority under 35 U.S.C.A. § 119,[1] based

---

1. 35 U.S.C.A. §.119 in pertinent part:

"An application for patent for an invention filed in this country by any person who has, or whose legal representatives or assigns have, previously regularly filed an application for a patent for the same invention in a foreign country which affords similar privileges in the case of applications filed in the United States or to citizens of the United States, shall have the same effect as the same application would have if filed in this country on the date on which the application for patent for the same invention was first filed in such foreign country, if the application in this country is filed within twelve months from the earliest date on which such foreign application was filed; but no patent shall be granted on any application for patent for an invention which

had been patented or described in a printed publication in any country more than one year before the date of the actual filing of the application in this country, or which had been in public use or on sale in this country more than one year prior to such filing."

35 U.S.C.A. § 102(g) provides:

"A person shall be entitled to a patent unless—

"(g) before the applicant's invention thereof the invention was made in this country by another who had not abandoned, suppressed, or concealed it. * * * "

An inventor has made his invention in this country when he has reduced it to practice here. Hann v. Venetian Blind Corporation, 9 Cir., 1940, 111 F.2d 455. Filing the application is constructive re-

on the filing date in Brazil. The application for the patent in suit was filed on May 28, 1956 and the earliest date of the invention established for it on the trial was December 23, 1955. It is not disputed that Haugen and Henrikson were original inventors as distinguished from first inventors.

The position of appellant is that Mathieu was entitled to constructive reduction to practice under the statute as of the date on which he filed his application in Brazil, and resulting priority. An interference was set up in the Patent Office, 35 U.S.C.A. § 135, between the two applications regarding what is now Claim 5 of the patent in suit. In order to prevail in the interference proceeding it would have been necessary for appellee to defeat the priority accorded the Mathieu application both by reason of the earlier filing in the Patent Office, and by reason of the benefit gained under the statute from the filing in Brazil. Leaving aside the three day priority in the American Patent Office on which appellant does not rely, this could be done by showing a date of invention earlier than the Brazilian filing date, but this apparently could not be done. Appellee could also prevail by showing that the American application disclosed a different invention from that shown in the Brazilian application but this did not become an issue on trial. In fact, no copy of the Brazilian application was filed in the Patent Office until long after the interference was set up. The other way that appellee could have prevailed, and the facts on trial made this an issue, was to show that the Brazilian application would not support the interference count against Claim 5.

The interference was settled by appellee with Mathieu and his assignee under a lump sum arrangement which included the grant of licenses to appellee under other patents of the assignee. Mathieu and his assignee then filed a disclaimer of the subject matter in interference under Rule 262(a) of the Patent Office.[2] Judgment of priority was thereafter awarded to Haugen and Henrikson, assignors of appellee, and the patent in suit, including Claim 5, issued to appellee. The application of Mathieu was later abandoned. It was agreed that the Mathieu Brazilian application was not being offered on the issue of anticipation or obviousness.

The pleadings drew the issue of Haugen and Henrikson not being the first inventors in two different respects. First, the issue was posed in the context of an undetailed affirmative defense. Next, by supplementary answer and counterclaim, the specifics of the Mathieu applications and the interference were set out, as well as the settlement resulting in the disclaimer. It was alleged on this factual basis that appellee wilfully and fraudulently caused the patent in suit to issue to Haugen and Henrikson, and to itself as assignee, notwithstanding that they were not the first inventors; thereby rendering the patent invalid.

This amended answer and counterclaim was filed after appellant had made an unsuccessful effort to obtain a copy of the American application of Mathieu from the Commissioner of Patents and from counsel for Mathieu. The District Court granted a protective order against a subpoena duces tecum on the ground that the application was irrelevant to any issue in the case, and this ruling is also asserted as error.

---

duction to practice. Alexander Milburn Company v. Davis-Bournonville Company, 1926, 270 U.S. 390, 46 S.Ct. 324, 70 L.Ed. 651. And Section 119 of the Act, supra, makes the prior filing date of the corresponding foreign application the date of constructive reduction to practice.

2. "262. Disclaimer, concession, abandonment. (a) An applicant or a patentee involved in an interference may, at any time, file a written disclaimer or concession of priority, or abandonment of the invention, signed by the inventor in person with the written consent of the assignee when there has been an assignment. Upon the filing of such an instrument by any party, judgment shall be rendered against him."

The findings as to the claim of fraud are that appellee and its assignors made no fraudulent or unwarranted or untruthful statement to the Patent Office, or to Mathieu or his assignee in connection with the settlement of the interference, nor did they withhold any fact which should have been divulged, and that they acted in a lawful and proper manner in obtaining the disclaimer. The decision of the court was put on the basis that fraud is a question of fact and appellant had not overcome the applicable heavy burden of proving it. Edward Valves, Inc. v. Cameron Iron Works, 5 Cir., 1961, 286 F.2d 933. The evidence was uncontroverted that counsel for appellee examined the Brazilian application on which Mathieu would have had to rely in order to prevail in the interference proceeding and determined that it would not support the count of the interference involving, as it did, Claim 5. The court concluded from this that the determination of counsel was made in good faith, and treated it as a factor militating against fraud. The record amply demonstrates that appellant failed to carry the burden of proving fraud as alleged, and this would lay the matter at rest were it not for the additional affirmative defense that Haugen and Henrikson were not the first inventors.[3]

There was evidence that the invention of the Brazilian application differed from what was embraced in Claim 5 of the patent in suit in that the gasket, differing in form, did not seal as a result of radial compression, and thus that application, so the argument went, could not have served as a basis for an earlier filing date

under Sec. 119, supra, assuming that the American application made the same disclosure. That the American application read on Claim 5 would be the first step, but only the first step to set up the Brazilian filing date. The next and necessary step was to show that the Brazilian application was for the same invention. This was all in issue under the defense of the assignors of appellee not having been the first inventors, and there are no findings relative to this defense regarding the role of the Brazilian application or otherwise.

It follows that the issue of whether the Brazilian application embraced Claim 5 is still open, and if it does, then the American application filed by Mathieu becomes relevant to the main issue of whether the assignors of appellee were the first inventors. It would go to the question of determining if it accords with the Brazilian application and to that end establishes a related back priority date under Sec. 119, once it appears that the Brazilian application discloses the invention of Claim 5.

The burden of establishing this from the Brazilian application, and that having been done, from the American application would be on appellant. 35 U.S.C.A. § 282; and Cameron Iron Works, etc. v. Stekoll, 5 Cir., 1957, 242 F.2d 17. The burden, of course, would not be as heavy as that required to establish fraud. The District Court simply made no determination, one way or the other.[4]

It may be that the present record is sufficient for additional findings and conclusions by the District Court

3. It is not entirely clear that this defense survived. It is contained in the pleadings but there is no reference to it in the opinion of the District Court. The only indication of record that it was not still in issue is a statement by counsel for appellant that the Mathieu Brazilian application was not offered in substantiation of the defense of obviousness, but "with respect to the question of fraud, which is another point in our case to which we haven't yet arrived." It is argued on brief by appellant, aside from the ques-

tion of fraud, and appellee does not contend that it has in any manner been eliminated from the case.

4. Claim 5 is the broadest of the claims in suit, and a reconsideration of its validity under this defense would, should the Mathieu application prove to be prior, under the pleadings, involve an examination of the subject matter of the other claims to see if they were disclosed in the Mathieu application.

that the Brazilian application does or does not foreclose appellant on the basis that it would or would not support the American application even should it read on Claim 5. This determination may be made on the present record, or upon the present record and additional evidence, or after a new trial, all in the discretion of the trial court. Rule 59(a), Fed.R. Civ.P.; Aetna Insurance Company v. Paddock, 5 Cir., 1962, 301 F.2d 807; United States v. DeVane, 5 Cir., 1962, 306 F.2d 182. If the conclusion is that there is not the requisite conflict between the Brazilian application and Claim 5, and we have no view one way or the other, then the Mathieu American application would not be relevant to any issue in the case and there the matter would end. If, on the contrary, the requisite conflict does exist, then the American application becomes relevant in the sense of whether it embodies the invention of the Brazilian application. It follows that the first question to be considered by the court on remand is the efficacy of the Brazilian application in the premises.

■■ It is the position of appellee that this issue has been precluded by the disclaimer as well as by the abandonment of the Mathieu American application. But the question of who is a first inventor may not be conclusively settled between private parties. No third party is bound by such a settlement, and the patent that issues may be subjected to the question of priority by others. Congress made the public interest dominant in requiring that a patent issue only to the first inventor in fact—not the first inventor by arrangement or agreement. We are unfamiliar with any doctrine that would permit the vesting of the monopoly of a patent in such a manner. The philosophy of the patent law is to reward only the first and original inventor, and for a limited period only, as an incentive for the resulting public good obtained. Nor is it any answer to say that the applica-

tion of Mathieu was abandoned. The question of who, in fact, was the first inventor remained to be raised on another day, as it was, notwithstanding the disclaimer or abandonment.

Appellant was entitled to prove, if it could, that the assignors of appellee were not the first inventors. This it sought to do by a defense in terms thusly couched, and by showing fraud. It failed to show fraud, but the other defense was not resolved and the case must be remanded for that limited purpose.

■ In this connection, the American application of Mathieu should be produced if it becomes relevant on remand, whether produced from the file of the Commissioner of Patents or from anyone else having it in possession. Walker on Patents, Dellers ed., Volume Two, Sec. 174, p. 825. Neither 35 U.S.C.A. § 122, nor the rules of the Patent Office promulgated thereunder requiring patent applications to be maintained in confidence, nor the rules of privilege may be used to prevent the truth from coming to light in a pending suit such as this involving the issue of who is the first inventor, if the application sought is found to be relevant by the court.

■ The contention that the patent is devoid of any inventive contribution in view of the prior art, and that it was not infringed are both without merit, as is the argument that the claims failed to meet the statutory requirement of definiteness. Also, the claim of file wrapper estoppel was not made out. These matters were carefully considered by the District Court and the findings and conclusions in regard to them find adequate support in the record. To this extent, and except as stated, the judgment is affirmed. Costs are to be taxed equally against the parties.

Having affirmed in part and reversed in part, we remand for further proceedings not inconsistent herewith.