CROWN MACHINE & TOOL CO., a corporation, Plaintiff,

v.

KVP–SUTHERLAND PAPER COMPANY, a corporation, Defendant.

No. 42224.

United States District Court
N. D. California, S. D.

June 11, 1965.

Naylor & Neal, San Francisco, Cal., for plaintiff.

Hoppe, Mitchell, Murtha & Anderson, San Francisco, Cal., for defendant.

SWEIGERT, District Judge.

This is a suit for patent infringement in which defendant has counterclaimed on the basis of violations of the anti-trust laws by the plaintiff. The case is before the Court on defendant's motion for an order, pursuant to Rule 34, F.R.Civ.P., for production of certain documents and to permit defendant's counsel to inspect and copy the same. The motion contains 23 numbered paragraphs identifying the documents to be produced.

Plaintiff has filed opposition to the production of items 1 through 7, and item 19. As there is no objection to the production of items 12 through 18 and 20 through 23, the motion is granted as to such items.

Objections to items 1 through 7 are based primarily upon the ground that items 1, 2, and 3 are patent applications before the U. S. Patent Office and are, therefore, confidential under Rule 14(a), Patent Office Rules of Practice, 37 C.F.R. Sec. 1.14(a), and 35 U.S.C. § 122; and items 4, 5, 6, and 7 are patent applications pending in foreign countries.

It is undenied that defendant's counsel has already inspected items 1–7 and item 10 after voluntary production of these documents by counsel for plaintiff. Defendant's counsel now seeks production of these documents for copying and for use as evidence at the trial. Defendant's counsel states that items 1–7 are relevant and material to certain defenses pleaded by defendant and further, that items 3 to 7 contain relevant admissions against interest which will aid the Court in construing the claims of the patents in suit. It is further argued that, since the material has already been inspected

by counsel, there is no further need for maintaining secrecy.

Plaintiff objects to items 8–11 upon the ground that the information to be disclosed was disclosed in confidence to plaintiff's counsel during litigation between plaintiff and one Bridges Plastic Products, Inc., in the Southern District of California, the litigation having been terminated by a consent decree on January 16, 1964. Plaintiff's counsel states that this obligation of confidence has not been waived or released by Bridges or its successor and thus the motion here must be resisted.

Defendant contends that the refusal of both sides in the prior litigation to permit the plaintiff here to make the evidence available to defendant is the result of the conspiracy alleged in the defendant's counterclaim in this action.

It has been held that 35 U.S.C. § 122 does not have the effect of rendering patent applications privileged for judicial purposes. Edison Electric Light Co. v. United States Electric Lighting Co., 44 F. 294 (C.C.S.D.N.Y.1890); James B. Clow & Sons, Inc. v. United States Pipe and Foundry Co., 313 F.2d 46, 51 (5th Cir. 1963). Nor should the rules of Practice of the Patent Office be used to preclude the Court from having the benefit of all relevant evidence in order to reach the truth. James B. Clow & Sons, Inc. v. United States Pipe and Foundry Co., supra.

However, in order not to unnecessarily reveal any secret trade information of the plaintiff to a competitor, and to preserve, as far as possible the purpose of 35 U.S.C. § 122 (See Floridin Co. v. Attapulgus Clay Co., 26 F.Supp. 968, 974 (D.Del.1939); also this Court's Memorandum of Decision filed January 30, 1963 in the case of Canadian Ingersoll-Rand Company v. Peterson Products, D.C. 223, the motion to produce is granted upon the following conditions:

(1) The said applications and other documents be produced *in camera* to the Court at pre-trial conference (or before, if necessary, for discovery purposes) so that the Court may determine what, if any parts thereof, are relevant to the issues herein.

(2) That defendant's counsel accept the condition that any information obtained from such inspection be deemed to be received in their capacity as officers of the Court and not to be revealed to defendant or any other person, except to the extent that any such material be actually allowed in evidence by the trial judge.