CLEO WRAP CORPORATION,
Plaintiff,

v.

ELSNER ENGINEERING WORKS,
INC., Defendant.

Civ. No. 71–313.

United States District Court,
M. D. Pennsylvania.

Nov. 17, 1972.

Clyde F. Willian, Jack C. Berenzweig, Chicago, Ill., for plaintiff; Miles J. Gibbons, Jr., Harrisburg, Pa., of counsel.

James M. Wetzel, Chicago, Ill., for defendant; C. Hercus Just, Elmer M. Morris, York, Pa., of counsel.

## MEMORANDUM AND ORDER

HERMAN, District Judge.

This is a patent infringement action in which both parties have filed motions to compel discovery pursuant to Rule 37

of the Federal Rules of Civil Procedure. Both plaintiff and defendant have refused on various grounds to answer several interrogatories propounded by the opposing party. In addition, the plaintiff, Cleo Wrap Corporation, has declined to honor defendant's requests for the production of documents for inspection and copying under Rule 34.

Both parties seek attorneys' fees and costs incurred in the litigation of their respective motions to compel discovery.

## I. Plaintiff's motion to compel answers to interrogatories

A. Plaintiff's Interrogatories 32, 33, 34.

The defendant has filed a supplemental answer to Interrogatory No. 34 and the plaintiff is no longer pursuing its motion to compel an answer to that interrogatory.

■ Plaintiff's Interrogatories 32 and 33 ask whether defendant has ever applied for a patent for its bonding machine and if so, to provide the status and specifics of such application. The defendant answered that up until the time of suit no patent application had been filed. The plaintiff now contends that it is entitled to know of the existence and status of a patent application which may have been filed after the institution of this suit. The fact that plaintiff is seeking discovery of facts which occurred after suit was filed is not determinative. Under modern discovery procedure an interrogatory must be answered if there is a possibility that the information sought may be relevant to the subject matter of the action. Bass v. Gulf Oil Corp., 304 F.Supp. 1041 (S. D.Miss. 1969); Wright & Miller, Federal Practice and Procedure (Civil) § 2008, pp. 46, 47.

■ The important consideration here is that the plaintiff is seeking discovery of a pending patent application which, although not privileged, may be kept secret unless shown to be material-ly connected with this law suit. Meese v. Eaton Mfg. Co., 35 F.R.D. 162 (N.D. Ohio 1964); Struthers Scientific & Int'l Corp. v. General Foods Corp., 45 F.R.D. 375, 381 (S.D.Texas 1968). It has been held that the right to full and adequate discovery must be balanced against the legitimate interest of the defendant, as a competitor, in protecting its patent application. Struthers Scientific & Int'l Corp. v. General Foods Corp., *supra*; Great Lakes Carbon Corp. v. Continental Oil Co., 23 F.R.D. 33, 35 (W.D.La.1958). In weighing the interests involved, the court cannot understand how the plaintiff's claim of infringement can in any way depend upon what may be contained in defendant's patent application filed after suit was commenced. Moreover, plaintiff has failed to reveal to the court the probability that inspection of the defendant's application may lead to the discovery of relevant facts concerning the alleged infringement. In light of the steps taken by defendant to inform plaintiff of the characteristics of the alleged infringing device, including diagrams and an invitation to observe the machine in operation, the plaintiff does not need to inspect the patent application to gain a clearer understanding of the machine. Whatever slight value the patent application may have to the plaintiff, the court does not believe that it surpasses the defendant's interest in keeping its application secret. However, we see no harm in disclosing the fact of whether an application has been filed and order defendant to answer Interrogatory No. 32. Plaintiff's motion to compel an answer to Interrogatory No. 33 is denied.

B. Plaintiff's Interrogatories 37(d), (e), (f), (g), 38, 39, and 40.

Interrogatory No. 37(d), (e), (f), and (g) asks Elsner to state the date upon which the Elsner Bander, Model BV-30 was first (d) disclosed or displayed to anyone not associated with defendant; (e) used for commercial purposes; (f) offered for sale and/or lease; and (g) sold and/or leased. The defendant has

objected to 37(d), (e), and (f) and has limited its answer to 37(g) to the time period prior to suit. Interrogatories Nos. 38, 39, and 40 ask the defendant to disclose the companies to whom its banding machine was first disclosed or displayed and those who have used or tested the machine. The defendant has objected to Interrogatories 38, 39, and 40.

██ At this point, the court does not see the relevance of disclosing the names of companies who have been offered the machine for purchase or lease or of those who have used or tested it. Only if Elsner incurs liability for infringement and defaults on that liability will the names of those who have used the machine become relevant. The defendant has admitted manufacturing the Elsner Bander, Model BV-30 and if infringement is proved, it will be liable for every machine manufactured regardless of whether it later sold or leased those machines. These are inquiries which, if relevant at all, go solely to the element of damages and in light of defendant's concern with the confidentiality of its prospective market, we will exercise our discretion to postpone such discovery unless and until the defendant's liability can be established. Spray Products Corp. v. Strouse, Inc., 31 F.R.D. 244, 248 (E.D. Pa.1962).

██ However, we order defendant to answer Interrogatory 37(d), (e), (f), and (g) by stating the dates upon which it first disclosed, or displayed, used commercially, offered for sale or lease, or sold or leased its banding machine regardless of whether the events occurred before or after this suit was instituted. Plaintiff's motion to compel answers to Interrogatories 38, 39 and 40 is denied; defendant's objections to these interrogatories are sustained.

## II. Defendant's motions to compel discovery

A. Defendant's Interrogatories 4(a), 5(a), 5(e), 6, 7, 8, 9, 11(a), 11(d), 23, 24, 26(a), 26(b), 26(d), 45, 46.

The plaintiff has responded to these interrogatories by stating that they will be answered simultaneously with defendant's disclosure to plaintiff of the earliest date that defendant will rely upon to show a prior conception and/or a reduction to practice of the patented invention by someone other than the Patentee.

The defendant's answer to plaintiff's Interrogatories 16 and 18 states that it does not presently have in its possession facts upon which to base its allegation that there was a prior conception and/or reduction to practice of the patented invention by someone other than the Patentee.

In answer to plaintiff's Interrogatory 37(a) defendant has given its own date of conception as February 17, 1970.

██ Orders are often granted pursuant to Rule 26(c)(8) in patent litigation requiring the simultaneous exchange of the plaintiff's dates of invention, places and dates of first disclosure, and the dates relied upon by defendant to show prior use or conception. The purpose of this procedure is to prevent the opposing party from acquiring an unfair advantage by knowing the patentee's date of invention before he is required to submit the date he will rely upon to show prior conception or prior reduction to practice. However, the court is not to assume that the defendant will act in bad faith. The defendant has admitted that it does not presently possess the facts necessary to prove its defense of prior conception and/or prior reduction to practice. Defendant cannot be compelled to disclose facts which it does not possess. Defendant is under a continuing duty to supplement its answers to the plaintiff's interrogatories as relevant information becomes available. The court has no reason to believe that defendant will not promptly and in good faith comply with its obligation when and if such facts are discovered. If facts in support of the defenses of prior conception and prior reduction

to practice are not forthcoming through the continuing discovery procedures, the plaintiff can move to strike these defenses at the pre-trial conference. In any event, this can be adequately dealt with later in the proceeding.

Moreover, the plaintiff has not filed a motion for a protective order pursuant to Fed.R.Civ.P. 26(c)(8) in which it alleges "good cause" for requiring the simultaneous exchange of this information.

Therefore, plaintiff is ordered to answer defendant's Interrogatories 3, 5(a), 5(e), 6, 7, 8, 9, 11(a), 11(d), 23, 24, 26(a), 26(b), 26(d), 45, and 46, and to produce for defendant's inspection the documents referred to in the answers to Interrogatories 4(a), 5(e), 8, 11(d), 24, 45, and 46.

B. Defendant's Interrogatories 5(d), 11(b), 15, 16, 35(b), 35(c), and 55(a).

Defendant contends that the answers to Interrogatories 5(d), 11(b), 15, 16, and 55(a) are incomplete for failure to give the addresses of the parties named therein. With the supplemental answer filed to Interrogatory 15, the defendant has withdrawn its motion in regard to that answer.

■ Since the individuals named in answers to Interrogatories 5(d), 11(b), and 55(a) are employees of plaintiff, it will be no great burden upon the plaintiff to supply defendant with the home addresses of these individuals. Plaintiff is also ordered to supply the address of Twinco Automation Corporation, named in answer to Interrogatory 16 and the addresses, if known, of the individuals named in answer to Interrogatory 16.

■ The defendant also objects to the incompleteness of plaintiff's answers to Interrogatory 35(b) and (c). The answer to 35(b) is ordered to be completed by rendering the exact date, if known, upon which plaintiff first began placing the patent numbers on the outside wrapper of all products made by the patented machine.

The answer to 35(c) appears to be complete on its face and no further clarification is deemed necessary.

Plaintiff is ordered to answer, as aforementioned, defendant's Interrogatories 5(d), 11(b), 15, 16, 35(b) and 55(a).

C. Defendant's Interrogatory 49.

■ Defendant asserts that plaintiff's answer to Interrogatory 49 is incomplete because it has failed to specify the evidence upon which it will rely to prove the loss of prospective sales and royalties. Plaintiff has answered that it does not now have specific proof of loss of profits but that pursuant to its continuing obligation it will supply defendant with such information when it is made known to the plaintiff. This is sufficient.

D. Defendant's Interrogatories 28, 36, 37, and 39.

■ Upon an unsupported assertion of confidentiality, plaintiff has refused to answer these interrogatories or allow the defendant to inspect the document named therein unless defense counsel agrees that the information will not be disclosed to the defendant nor to the public.

The court will entertain a motion for a protective order from plaintiff if filed within 10 days. If no motion is forthcoming at the end of the 10-day period, plaintiff will be ordered to answer Interrogatories 28, 36, 37, and 39, and supply the documents relating thereto.

E. Defendant's Interrogatory 42.

Plaintiff's answer is complete. Further interrogatories are necessary to seek disclosure of the companies to whom plaintiff sent notice of the present law suit, and to seek inspection of the notices.

F. Defendant's Interrogatory 12.

■ Plaintiff has objected to Interrogatory 12 as vague and ambiguous.

Plaintiff claims that it does not understand the meaning of the terms "proposals, projects or development."

The terms must have some degree of significance in the field of patents; however, we see no great inconvenience to the defendant in requiring it to resubmit Interrogatory No. 12 defining the terms for which plaintiff seeks clarification. It appears to the court that as with many other objections and requests of both parties, this matter could easily have been resolved without the burdensome and time consuming motions which have culminated in this order. Defendant is ordered to resubmit Interrogatory No. 12 attempting to define the terms "proposals, projects or development" as used therein.

G. Defendant's Interrogatory No. 56.

By use of a diagram and photo of the alleged infringing device the defendants have asked plaintiff to compare its patent in suit with defendant's machine by labeling on a diagram of the alleged infringing device the corresponding component parts of plaintiff's device by the specific nomenclature used in plaintiff's patent. Plaintiff objects to this interrogatory on the grounds that it will require the Patentee to express a legal opinion as to the scope of its patent claim and is beyond the scope of Rules 26(b) and 33. The court cannot agree with this contention.

The defendant is seeking to ascertain the exact nature of the plaintiff's claim by asking, in essence, which parts of the plaintiff's patent the plaintiff will claim to have been incorporated into defendant's device. This certainly will narrow the issues and expedite the law suit. Trabon Eng. Corp. v. Eaton Mfg. Co., 37 F.R.D. 51 (N.D.Ohio 1964). Moreover, the plaintiff should be qualified to express any necessary opinion as to what constitutes an infringement of his patent. Meese v. Eaton Mfg. Co., supra.

Plaintiff asserts that it cannot adequately make the comparison sought by defendant without inspecting the defendant's machine. However, defendant is only asking that plaintiff label the diagram of defendant's machine with the nomenclature of the corresponding parts of its patent. The diagram should be in sufficient detail to allow the plaintiff to supply at least some portion of the information requested.

Plaintiff is ordered to answer Interrogatory No. 56.

Each party shall bear its own costs.