**DAVCO MANUFACTURING CORPORATION, Plaintiff,**

v.

**PENINSULAR DIESEL, INC., Defendant.**

**PARKER HANNIFIN CORP., Plaintiff,**

v.

**DAVCO MANUFACTURING CORP., Defendant.**

Nos. C 88–1150, C 87–2595.

United States District Court, N.D. Ohio, E.D.

July 17, 1989.

Michael R. Dinnin, Birmingham, Mich., Lowell L. Heinke, Monica Olszewski, Watts, Hoffman, Fisher & Heinke, Cleveland, Ohio, for Davco Mfg. Corp.

Kevin M. Ball, Michael Marston, Detroit, Mich., Mark Cantor, Robert Brandenbury, Brooks & Kushman, Southfield, Mich., for Peninsular Diesel, Inc.

Robert Kahrl, Jones, Day, Reaves & Pogue, Ralph E. Jocke, Parker Hannifin Corp., Cleveland, Ohio, for Parker Hannifin Corp.

## ORDER

LAMBROS, District Judge.

This matter is before the Court on a Motion to Compel Discovery filed on March 27, 1989 by defendant Davco Manufactur-

---

ing Corporation (Davco). Plaintiff opposes this motion.

Defendant requests that Parker Hannifin Corporation (Parker) be compelled to respond to Interrogatory 23. Interrogatory 23 requests information regarding any involvement by Parker in a request for reexamination filed by Roy Wepner, an attorney in New Jersey, with the United States Patent and Trademark Office (Patent Office). Mr. Wepner's reexamination request involves the two patents at issue in this case. Davco contends that discovery of Parker's involvement in Mr. Wepner's reexamination request will narrow the issues for trial and will provide relevant information regarding Parker's "state of mind as to what prior art references they [Parker] believed relevant at the time [of the request for reexamination] with respect to the two patents and their various claims." Davco's Brief In Rebuttal at p. 4.

In response, Parker argues that under 35 U.S.C. §§ 301, 302 a party requesting a reexamination may remain anonymous. Thus, Parker contends that an order compelling a response to Interrogatory 23 would run contrary to the statute restricting the disclosure of such information, would undermine public policy, and, furthermore, would force disclosure of information irrelevant to any issue in this litigation.

■ Federal Rule of Civil Procedure 26(b)(1) states in pertinent part that "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." This Court does not find that defendant has established the relevance of the information sought. Davco's first argument is that the issues for trial will somehow be narrowed if Parker is compelled to admit involvement in Mr. Wepner's reexamination request. However, only the outcome of the examination process can possibly narrow the issues in this matter. Because the identity of the requester [or the identity of the client represented by the requester] does not affect the outcome of the reexamination proceed-

ing, Davco's first argument is not persuasive.

Davco's second argument involves the discovery of Parker's "state of mind." Besides the practical difficulty involved in such a request, the relevance of this argument is unclear to the Court. Interrogatory 23 seeks to find if Parker is in fact responsible for Mr. Wepner's reexamination request. The connection between Parker's state of mind at the time of the reexamination request and the possible involvement of Parker in the reevaluation request is too tenuous to compel discovery.

■ Even if the information sought by Interrogatory 23 is marginally relevant to this proceeding, protecting the confidentiality of the requester outweighs Davco's interest in discovering the identity of the requester. Under 35 U.S.C. § 301 any person citing prior art to the Patent Office may choose to keep his identity confidential. Section 302 allows any person to request a reexamination, enabling an attorney to act as a requester on behalf of an unidentified client. In fact, the Manual of Patent Examining Procedures (MPEP) § 2212, issued by the Patent Office, states in part, "Some persons likely to use reexamination are . . . attorneys without identification of their real client in interest." Davco's discovery request seeks precisely the information protected under 35 U.S.C. §§ 301–02.

Moreover there are a variety of public policy reasons for maintaining confidentiality in the reexamination process. Three primary objectives of confidentality are to encourage people to use the reexamination mechanism, to provide certainty in the validity of patent rights and to provide a faster, less expensive remedy than litigation when the validity of a patent is at issue. 3 D. Chisum, *Patents*, § 11.07[4]. Davco analogizes 35 U.S.C. § 122 to the instant case, arguing that the discoverability of patent applications should be extended to the discoverability of an undisclosed client under § 302. Two of the authorities cited by Davco stress that in order to compel discovery of the application, the request must lead to relevant information. *Crown*

*Mach. & Tool Co. v. KVP–Sutherland Co.,* 244 F.Supp. 543 (N.D.Calif.1965), *James B. Clow & Sons, Inc. v. U.S. Pipe & Foundry,* 313 F.2d 46 (5th Cir.1963). The court in *Paper Converting Machine Co. v. Magna–Graphics Corp.,* 207 USPQ 1136 (E.D. Wisc.1980), articulating a balancing test, stated that the court "may order release of the material where the movant's need for the material outweighs the applicant's interest in the confidentiality of its application." Davco has failed to present adequate reasons for this Court to override the presumption of confidentiality.

This Court can imagine instances where the right of confidentiality afforded in the reexamination process could be overcome by compelling reasons offered by the moving party. In that respect, this Court is not creating a new universal privilege whereby the identity of an undisclosed client is never discoverable. In this case, however, due to a failure by Davco to show this Court the relevancy and importance of the information sought through Interrogatory 23, this Court hereby denies Davco's motion to compel.

IT IS SO ORDERED.