**FISCHER IMAGING CORPORATION, Plaintiff,**

v.

**LORAD CORPORATION, Defendant.**

**Civ. A. No. 92–M–619.**

United States District Court, D. Colorado.

Feb. 5, 1993.

Michael A. Williams, Michael B. Carroll, Denver, CO, for Robert H. Ware, Peter H. Van Winkle, Monroe, CT, for Lorad Corp.

George G. Matava, Todd P. Blakely, Denver, CO, for Fischer Imaging Corp.

## MEMORANDUM OPINION
## AND ORDER

PRINGLE, United States Magistrate Judge.

This matter comes before the Court on Plaintiff Fischer Imaging Corporation's Motion to Compel Answer to Interrogatory and Response to Request for Production. On May 15, 1992, an Order of Reference was entered referring this case to a Magistrate Judge for determination of all nondispositive motions. The parties have fully briefed the issues, and oral argument would not materially assist the Court is deciding the matters presented. For the reasons stated below, Plaintiff's Motion is granted in part and denied in part.

Fisher Imaging Corporation and Lorad Corporation are competitors in the market for the sale of medical imaging equipment. Fisher commenced this action against Lorad for infringement of a Fisher patent, U.S. Patent No. 5,078,142 ("the '142 patent). The '142 patent concerns a prone stereotactic biopsy system which is utilized to perform needle biopsies of breast lesions. Lorad contends that Fisher's '142 patent is invalid and unenforceable.

Fisher served Lorad with interrogatories and requests for production of documents which sought, in part, information and documentation regarding any patent applications by Lorad on prone stereotactic mammography biopsy systems. Lorad has refused to comply with the discovery requests on the ground that this information and material is confidential and protected from disclosure by federal statute.

Information contained in a patent application may have some relevance in a patent infringement action, and, thus, a request for such information may meet the liberal standard of relevancy under Fed.R.Civ.P. 26. However, it is also well established that materials relating to a patent application are confidential, and, therefore, enjoy a degree of protection against disclosure. For example, 35 U.S.C. § 122 expressly provides that patent applications shall be kept confidential unless disclosure is authorized by the applicant. This statutory prohibition is not binding on the courts. *Paper Converting Ma-*

*chine Co. v. Magna–Graphics Corp.,* 207 U.S.P.Q. 1136 (E.D.Wisc.1980); *Ideal Toy Corp. v. Tyco Industries, Inc.,* 478 F.Supp. 1191, 1192 (D.Del.1979). Nevertheless, the courts have uniformly recognized that a heightened relevancy standard must be applied to patent applications and materials related thereto.

Generally, the courts have employed a balancing test in determining whether or not to permit discovery of a patent application, weighing the requesting party's interest in the materials against the objector's legitimate interest in the secrecy. *Davco Manufacturing Corp. v. Peninsular Diesel, Inc.,* 128 F.R.D. 91, 93 (N.D.Ohio 1989); *Ideal Toy Corp. v. Tyco Industries, Inc.,* 478 F.Supp. at 1192 & 93; *Cleo Wrap Corp. v. Elsner Engineering Works, Inc.,* 59 F.R.D. 386, 388 (M.D.Pa.1972). A demonstration of direct relevancy will tip the scale in favor of disclosure. *Paper Converting Machine Co. v. Magna–Graphics Corp.,* 207 U.S.P.Q. 1136 (E.D.Wis.1980). On the other hand, the fact that the parties are competitors is a matter which weighs against disclosure. *Wolowitz v. United States,* 185 U.S.P.Q. 155 (Ct.Cl. 1975); *Struthers Scientific & Int'l Corp. v. General Foods Corp.,* 45 F.R.D. 375, 381 (S.D.Tex.1968). Likewise, if the plaintiff can obtain sufficient information regarding the allegedly infringing product from other sources, discovery of the defendant's patent application generally will be denied. *Ideal Toy Corp. v. Tyco Industries, Inc.,* 478 F.Supp. at 1193; *Wolowitz v. United States,* 185 U.S.P.Q. 155 (Ct.Cl.1975); *Cleo Wrap Corp. v. Elsner Engineering Works, Inc.,* 59 F.R.D. at 388.

The record in the case at bar amply demonstrates that Fisher and Lorad are in direct competition. In addition, Lorad asserts that it has fully cooperated in providing Fisher with information regarding the nature of the former's Stereoguide device. Lorad employees have been made available for deposition and Fisher has been given the opportunity to inspect Lorad's equipment. Written materials, such as the operating manual, pictures, mechanical drawings, confidential computer programs, and advertising brochures have been supplied. On the other hand, Fisher

has simply presented generalized arguments that the patent applications contain information which may be probative on the questions of infringement and validity. No specific showing of direct relevance or particularized need has been made.

Under similar fact scenarios, several courts have denied access to patent applications. *E.g., Ideal Toy Corp. v. Tyco Industries, Inc.,* 478 F.Supp. 1191 (D.Del.1979); *Wolowitz v. United States,* 185 U.S.P.Q. 155 (Ct.Cl.1975); *Cleo Wrap Corp. v. Elsner Engineering Works, Inc.,* 59 F.R.D. 386 (M.D.Pa.1972); *Struthers Scientific & International Corp. v. General Foods Corp.,* 45 F.R.D. 375 (S.D.Tex.1968). The Court concurs with the reasoning employed and the result reached in these decisions.

The Court concludes that Fisher has not made a sufficient showing to overcome the protection afforded to confidential information and documents that are part of Lorad's patent applications. On the other hand, the Court concludes that, in contrast to the patent applications themselves, information as to whether or not Lorad has made any such applications, the country in which any applications have been filed, the filing date, the patent number (if granted), and the status of each application is not subject to the same confidentiality considerations. *Cleo Wrap Corp. v. Elsner Engineering Works, Inc.,* 59 F.R.D. at 388.

Accordingly, it is hereby ORDERED that Fisher's Motion to Compel is GRANTED as to Interrogatory 19(a) and (b) (calling for the identification of each application by country, serial number, filing date and patent number, if granted, and the status of each application). The remainder of Fisher's Motion to Compel is DENIED.