**MINNESOTA MINING AND
MANUFACTURING
CO., Plaintiff,**

v.

**NORTH AMERICAN SCIENCE
ASSOCIATES, INC.,
Defendant.**

**Civ. No. 97–2860 DWF/AJB.**

United States District Court,
D. Minnesota,
Third Division.

March 9, 1999.

Steven L. Leifer, Washington, DC, for defendant.

Gregory A. Madera, Boston, MA, for plaintiff.

## MEMORANDUM

BOYLAN, United States Magistrate Judge.

NAMSA, the defendant in this patent infringement suit, has moved for compelled production of three categories of information. First, it requests production of all U.S. patent applications relating to sterility indicators that contain an enzyme-based detection system, and answers to related interrogatories. Second, it requests production of unredacted copies of relevant pages from inventors' technical notebooks. Third, it requests production of responsive documents categorized by 3M as privileged records of invention.

3M opposes the motion on several grounds. 3M contends the request for production of all U.S. patent applications relating to sterility indicators that contain an enzyme-based detection system is overly broad, vague, and unduly burdensome. 3M argues that the redacted material from the inventors' technical notebooks was irrelevant and/or privileged. 3M contends that its records of invention are privileged attorney-client communications.

Federal Rule of Civil Procedure 26(b)(1) permits discovery of relevant material that is not privileged. However, courts have applied heightened relevancy standards to patent applications and related materials because their confidential nature. *Fischer Imaging Corp. v. Lorad Corp.*, 148 F.R.D. 273 (D.Colo.1993). Courts will generally weigh the competing interests of disclosure versus secrecy, considering such factors as whether the parties are competitors, whether the material is directly relevant, and whether the necessary information can be obtained from other sources. *Id.* at 274.

■ The factors here weigh in favor of nondisclosure. The parties do not dispute that they are competitors. 3M contends that NAMSA is its only competitor in this field, and full compliance with this discovery request would place sensitive information regarding pending applications in the hands of its only competitor. 3M has produced its files concerning the two patents involved in this lawsuit and the "related"[1] applications. The files that have been produced are directly relevant to this lawsuit.

NAMSA contends that all patent applications and related materials that include enzyme-based sterility indicator technology are relevant to "what 3M believes not to be covered by the patents-in-suit" and thus related to, "the reasonableness of NAMSA's reading of the coverage of the patents-in-suit." (Def's Mem. at 5). NAMSA also contends that 3M "is likely to have made statements about NAMSA's patents and products" in its applications for patents involving related technology, which may be deemed admissions or statements against interest. (Def's Mem. at 6). Although this material is not directly relevant because it goes beyond the patents involved in this lawsuit, it may lead to the discovery of admissible evidence.

The bulk of the requested material, the prosecution files for patents issued to 3M, is publicly available from the United States Patent and Trademark Office. NAMSA has the ability to obtain this information without placing the burden on 3M of removing all of the privileged information from its own files. Taking all of the factors into consideration, the parties are competitors, the requested material is not directly relevant to the issues involved in the lawsuit, and much of the material is either confidential (pending patent applications) or publicly available (prosecution files for patents issued), the balancing of interests weighs in favor of nondisclosure.

■ NAMSA requests compelled disclosure of the redacted pages from inventors' notebooks. 3M contends that the redacted information is either irrelevant, as it relates to technology not at issue in this suit[2] or

---

1. "Related" is used in the sense that they are additional patent applications that claim priority under 35 U.S.C. § 120, from the two patents in suit.

2. At the hearing, NAMSA represented that it does not request disclosure of information that was redacted because it concerns technology not at issue in this suit.

because it is privileged. 3M has provided a Privilege Log.

Documents gathered from notebooks and monthly reports for the purpose of providing information to attorneys to obtain legal opinions on patentability are protected by the attorney-client privilege. *Cuno Inc. v. Pall Corp.*, 121 F.R.D. 198, 201–202 (E.D.N.Y. 1988). 3M has provided a Privilege Log explaining each redaction. The redactions are privileged.

■ Finally, NAMSA requests compelled disclosure of "record of invention" documents. 3M argues that these records are privileged, even though relevant, because they were specifically designed and are used for communications concerning legal issues of patentability between 3M inventors and 3M patent attorneys.

The Court finds persuasive the holding in *Minnesota Mining and Manufacturing Co. v. Ampad Corp.*, 7 U.S.P.Q.2d 1589 (D.Mass. 1987). The Ampad Court found that 3M's records of invention were created primarily to obtain legal advice. *Id.* at 1590. The court held that such documents are protected by the attorney-client privilege. *Id.*

The records of invention at issue here are privileged, even though they may contain relevant information. Although the Court will not compel their disclosure, the information sought by NAMSA from these records can be obtained from other sources. 3M represents that it has produced "all of the relevant technical information or 'underlying facts' through other non-privileged documents". (Pltf's Opp. Mem. at 19). NAMSA can use interrogatories to obtain any further clarification, for example, specific information as to who invented what and when.

### ORDER ON MOTION TO COMPEL

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on defendant's motion to compel discovery [Docket No. 64]. Hearing was held on March 2, 1999, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Steven L. Leifer, Esq. appeared on behalf of defendant North American Science Associates, Inc. [hereinafter NAMSA]. Gregory A. Madera, Esq.,

appeared on behalf of plaintiff Minnesota Mining and Manufacturing Co. [hereinafter 3M].

Based upon the file and documents contained therein, along with memoranda and arguments of counsel, **IT IS HEREBY ORDERED THAT** defendant's motion to compel discovery is **denied.** [Docket No. 64].